THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. ENRIQUE PADILLA, Petitioner-Appellant.

First District (2nd Division)   No. 86—761

Opinion filed December 30, 1986.

James J. Doherty, Public Defender, of Chicago (Karen A. Popek, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Rimas F. Cernius, and Michael D. Jacobs, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

In this appeal defendant asks this court to review the issue of whether he was denied the effective assistance of counsel, thereby rendering his guilty pleas involuntary, when counsel either erroneously advised him that his guilty pleas would not subject him to deportation or failed to advise him of the deportation consequences of his guilty pleas. The circuit court held that counsel need not advise a defendant of such a consequence. For reasons which follow, we reverse and remand.

Defendant, arrested on February 7, 1983, was subsequently indicted on three counts for delivery of a controlled substance to a government agent. (Ill. Rev. Stat. 1981, ch. 56½, pars. 1401(a), 1401(b)(2), 1401(c).) He was charged with having delivered 996.4 grams of heroin, 22.4 grams of cocaine, and 9.7 grams of cocaine on three separate occasions. Plea negotiations ensued in which defense trial counsel Salvatore Marzullo participated. On June 20, 1984, defendant pleaded guilty to the three counts before Judge Roger J. Kiley. The court admonished defendant about rights being waived, accepted his guilty pleas, and entered judgment on each conviction. Defendant told the court that his attorney had not said or done anything to influence his decision. After hearing argument in mitigation, the court sentenced defendant to concurrent terms of eight years on two of the counts and seven years on the remaining count. Defendant neither appealed his conviction nor filed a motion to vacate judgment and withdraw his guilty plea.

On March 5, 1985, the United States Immigration and Naturalization Service (INS) served defendant with a show cause and notice of hearing order concerning deportation. Defendant could be deported for drug law violations under provisions of the United States Code (8 U.S.C. sec. 1251(a)(11) (1982)). The order stated defendant had entered this country as an immigrant on January 13, 1983. Actually, defendant, a Mexican citizen, first entered the country illegally in 1975 by his own admission. He claimed a work permit at that time and obtained a valid green card in 1982 or 1983.

On April 22, 1985, defendant filed a *pro se* post-conviction relief petition (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*) alleging denial of his right to the effective assistance of counsel because trial counsel informed him he could not be deported if he pleaded guilty and also failed to investigate defendant's claim of entrapment. Defendant attached his affidavit to the petition in which he asserted that trial counsel informed him his nine years' residency and his valid green card would prevent his deportation.

A supplemental petition was filed on December 3, 1985, prepared with the help of counsel and asserting failure to explain the deportation consequences of the guilty pleas, which constituted ineffective assistance. Another affidavit of defendant was attached. The State moved to dismiss both petitions alleging that no constitutional issues were raised. Evidentiary hearings were held on December 10, 1985, and January 28, 1986, at which the defense trial attorney and defendant testified.

Marzullo, testifying as a State witness, asserted that the subject of immigration never was raised in any of his 15 discussions with defendant and denied telling defendant that guilty pleas would not subject him to deportation because he had resided in the country for nine years and held a valid green card. Marzullo knew defendant was an alien from the start, knew defendant held a valid green card, and knew aliens could be deported for drug offenses. Marzullo himself never raised the subject of deportation. On the day of sentencing Marzullo merely informed defendant the judge would give him eight years if he pleaded guilty. Marzullo also testified he was unaware of the *Correa* case (*People v. Correa* (1984), 124 Ill. App. 3d 668, 465 N.E.2d 507, *aff'd* (1985), 108 Ill. 2d 541, 485 N.E.2d 307) on the date of the guilty plea. The plea came on June 20, 1984; the appellate decision in *Correa* was filed on May 3, 1984. Marzullo contended that, rather than worrying about immigration consequences, his client "was more concerned about how much time he was going to get. It would have been easy for him to go back to Mexico."

Defendant testified that he twice specifically raised the deportation question with trial counsel. The first time was on June 20, 1984, before pleading guilty, when Marzullo told him the State's Attorney agreed to an eight-year sentence but Marzullo would ask the judge for only six years. Defendant then asked Marzullo if he would be deported. Defendant testified this conversation took place in the bullpen right outside the court but other inmates could not hear because they talked quietly. Marzullo assured him that since he was married to an American citizen, had a green card, and had been in the United States for six years he could not be deported. Defendant stated he had also asked Marzullo about deportation while Judge R. Eugene Pincham still had charge of the case and was told by counsel not to worry about immigration. At that time Marzullo assured defendant he would be out of jail in 1½ to 2 years and would not be deported. Defendant explained that he feared deportation because he did not want to leave his wife, who was an American citizen he married on November 18, 1981.

Defendant admitted he knew he could not break the law and he had been advised when he received his green card not to violate American laws. Defendant also admitted he had said nothing to Judge Kiley about his deportation fears, but insisted that had he known his guilty plea meant deportation, he would have taken the risk of going to trial. Defendant blamed his lawyer for failing to tell him that pleading guilty meant possible deportation. Finally, defendant stated he was satisfied being in jail until he received the immigration papers, which caused him to file his petition for post-conviction relief.

On March 25, 1986, Judge Francis J. Mahon denied the petition asserting, "I don't think that a lawyer has to advise the client of every consequence of his plea of guilty." Defendant appeals.

Defendant contends he was denied the effective assistance of counsel, making his guilty plea involuntary, either by trial counsel erroneously advising him that deportation could not result from his guilty pleas or by trial counsel failing to point out the deportation consequences of the guilty pleas, relying on *People v. Correa* (1985), 108 Ill. 2d 541, 485 N.E.2d 307, and authorities cited therein. The State asserts that Marzullo's testimony demonstrates no misrepresentations were made to defendant concerning deportation and that case law does not require a finding of ineffective assistance of counsel for failing to volunteer information about deportation.

■■ ■ A guilty plea is valid when made as a voluntary and intelligent choice by defendant. (*Hill v. Lockhart* (1985), 474 U.S. 52, 54, 88 L. Ed. 2d 203, 208, 106 S. Ct. 366, 369; *Brady v. United States* (1970), 397 U.S. 742, 755-57, 25 L. Ed. 2d 747, 760-61, 90 S. Ct. 1463, 1472-73.) When defendant enters a guilty plea after representation by counsel, the voluntariness of the plea reflects whether counsel's advice was within the expected range of competence of attorneys practicing criminal law. (*Hill v. Lockhart* (1985), 474 U.S. 52, 56, 88 L. Ed. 2d 203, 208, 106 S. Ct. 366, 369; *McMann v. Richardson* (1970), 397 U.S. 759, 771, 25 L. Ed. 2d 763, 773, 90 S. Ct. 1441, 1449.) The Supreme Court applies the two-prong test of ineffectiveness of counsel provided by *Strickland v. Washington* (1984), 466 U.S. 668, 690, 694, 80 L. Ed. 2d 674, 695, 698, 104 S. Ct. 2052, 2066, 2068, that there is a reasonable probability that but for counsel's unprofessional conduct, the result would have been different, with the difference that the prejudice prong is satisfied by showing a reasonable probability that but for counsel's errors, defendant would not have pleaded guilty. *Hill v. Lockhart* (1985), 474 U.S. 52, 57, 88 L. Ed. 2d 203, 210, 106 S. Ct. 366, 370.

I

■ A defendant's guilty plea is rendered involuntary due to ineffective assistance of counsel when misrepresentations by counsel concerning deportation influenced defendant to plead guilty. (*People v. Correa* (1985), 108 Ill. 2d 541, 553, 485 N.E.2d 307.) In *Correa* defendant pleaded guilty to three counts of delivery of a controlled substance. (108 Ill. 2d 541, 544, 485 N.E.2d 307.) Unlike the case at bar, trial counsel there admitted at a post-conviction hearing that defendant had raised the question of his immigration status before pleading guilty and the attorney told him not to worry since his wife was an American citizen. (108 Ill. 2d 541, 547-48, 485 N.E.2d 307.) The court concluded that deportation constituted a "drastic consequence" (108 Ill. 2d 541, 550, 485 N.E.2d 307) and that defendant's reasonable reliance on erroneous advice below the range of competence expected of criminal law counsel justified finding ineffective assistance and an involuntary guilty plea. (108 Ill. 2d 541, 549-53, 485 N.E.2d 307.) Defendant in *Correa* asserted he first learned his conviction justified deportation when the INS took him into custody. (108 Ill. 2d 541, 544, 485 N.E.2d 307.) Although the *Correa* court stated it was unnecessary to consider the merely passive conduct of counsel in failing to raise deportation consequences of a guilty plea, it cited three cases from other jurisdictions that found such passivity questionable. (108 Ill. 2d 541, 551, 485 N.E.2d 307, citing *Commonwealth v. Wellington* (1982), 305 Pa. Super. 24, 451 A.2d 223; *People v. Wiedersperg* (1975), 44 Cal. App. 3d 550, 118 Cal. Rptr. 755; *People v. Superior Court* (1974), 11 Cal. 3d 793, 523 P.2d 636, 114 Cal. Rptr. 596.) Further, our supreme court pointed out that trial counsel should advise defendants of collateral consequences of guilty pleas, including deportation. *People v. Correa* (1985), 108 Ill. 2d 541, 550, 485 N.E.2d 307; *Michel v. United States* (2d Cir. 1974), 507 F.2d 461, 465-66.

In the case *sub judice*, defendant correctly claims that if his testimony at the post-conviction hearing is believed, this case closely resembles *Correa*. Defendant also has an American wife, also asserts trial counsel incorrectly assured him that no deportation consequences would result from pleading guilty, and did not file a post-conviction petition until the threat of deportation materialized. The only difference in the two cases is that defendant's trial attorney insists that the subject of deportation was never discussed with his client. The circuit court made no comment as to the credibility of the witnesses when denying the petition. In view of our disposition of this case, however, we need not further address this issue.

## II

The Supreme Court has not considered whether trial counsel's failure to discuss deportation constitutes ineffective assistance; it has stated, nevertheless, that counsel has the duty to discuss collateral consequences of a guilty plea with his client. (*People v. Correa* (1985), 108 Ill. 2d 541, 550, 551, 485 N.E.2d 307, see *People v. Correa* (1984), 124 Ill. App. 3d 668, 674, 465 N.E.2d 507.) Deportation is recognized as a severe action that can be extremely injurious. (*Ng Fung Ho v. White* (1922), 259 U.S. 276, 284, 66 L. Ed. 938, 943, 42 S. Ct. 492, 495; *People v. Correa* (1985), 108 Ill. 2d 541, 550-51, 485 N.E.2d 307.) It has been deemed "the equivalent of banishment" (*Fong Haw Tan v. Phelan* (1948), 333 U.S. 6, 10, 92 L. Ed. 433, 436, 68 S. Ct. 374, 376) and equivalent to "a life sentence of exile" (*Jordan v. DeGeorge* (1951), 341 U.S. 223, 243, 95 L. Ed. 886, 898, 71 S. Ct. 703, 714 (Jackson, J. dissenting); *People v. Correa* (1984), 124 Ill. App. 3d 668, 674, 465 N.E.2d 507).

Five States, California, Connecticut, Massachusetts, Oregon, and Washington, have enacted statues requiring the court to inform defendants of the possible deportation consequences of guilty pleas. Cal. Penal Code sec. 1016.5 (Deering 1983); Conn. Gen. Stat. Ann. sec. 54—1j (West 1985); Mass. Gen Laws Ann. ch. 278, sec. 29D (West 1981); Or. Rev. Stat. sec. 135.385 (1985); Wash. Rev. Code Ann. sec. 10.40.200 (Supp. 1987).

Some jurisdictions have concluded that failure of an attorney practicing criminal law to advise a defendant of immigration consequences of guilty pleas constitutes ineffective assistance of counsel. (*People v. Pozo* (Colo. Ct. App. 1985), 712 P.2d 1044, 1046-47, *cert. denied* (1986), 712 P.2d 1044; *Edwards v. State* (Fla. App. 1981), 393 So. 2d 597, 599-600, *review denied* (1981), 402 So. 2d 613; *Commonwealth v. Wellington* (1982), 305 Pa. Super. 24, 27-28, 451 A.2d 223, 224-25.) These cases hold that because the penalty of deportation is so extreme counsel has a duty to inform his client of this potential consequence so that any plea of guilty can be truly knowing and voluntary. *Edwards v. State* (Fla. App. 1981), 393 So. 2d 597, 598-99; *Commonwealth v. Wellington* (1982), 305 Pa. Super. 24, 27-28, 451 A.2d 223, 224-25; see *People v. Pozo* (Colo. App. 1985), 712 P.2d 1044, 1047.) One court pointed out that although aliens might be expected to know a guilty plea might involve deportation, courts should not assume defendants knew of the possible deportation consequences. (*Edwards v. State* (Fla. App. 1981), 393 So. 2d 597, 599-600.) That same court set standards requiring that defendants establish they were not advised by counsel concerning deportation, that they were unaware of this poten-

tial consequence, and that had they known deportation could result they would not have pleaded guilty. 393 So. 2d 597, 600.

Other jurisdictions have declined to accept this new standard. (*United States v. Campbell* (11th Cir. 1985), 778 F.2d 764, 768-69; *United States v. Santelises* (2d Cir. 1975), 509 F.2d 703-04; *Government of Virgin Islands v. Pamphile* (D. St. Croix 1985), 604 F. Supp. 753, 756-58; *Tafoya v. State* (Alaska 1972), 500 P.2d 247, 251-52, *cert. denied* (1973), 410 U.S. 945, 35 L. Ed. 2d 611, 93 S. Ct. 1389.) One of these courts noted, however, that States are free to impose higher standards than the constitution requires and that attorneys advising clients of collateral consequences of guilty pleas is "highly desirable." *United States v. Campbell* (11th Cir. 1985), 778 F.2d 764, 769.

● 4 The overall trend in State courts favors finding ineffective assistance rendering a guilty plea involuntary where counsel knows his client is an alien and does nothing to inform him of possible deportation consequences. (See *State v. Chung* (1986), 210 N.J. Super. 427, 438-40, 510 A.2d 72, 78-79.) We are persuaded that this is the correct result under such circumstances. Here, Marzullo, by his own admissions, knew defendant was an alien, knew drug convictions could cause deportation, and took no action to inform his client before the guilty plea.

■ Accordingly, we hold that defendant was unable to make a knowing and intelligent decision to plead guilty and that failure of an attorney to inform a client that a guilty plea may result in deportation, when that consideration may be material to the client's interest, constitutes ineffective assistance of counsel making the guilty plea involuntary. Accordingly, we reverse the circuit court's judgment under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*) and remand with directions to vacate the guilty pleas to narcotic charges and grant him a new trial.

Reversed and remanded.

BILANDIC, P.J., and STAMOS, J., concur.