THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ZORAN MARANOVIC, Defendant-Appellant.

First District (4th Division)   No. 1—87—2603

Opinion filed July 12, 1990.

Randolph N. Stone, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, Paul Gliatta, and Stanislaus Gonsalves, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:
Defendant, Zoran Maranovic, was charged with the offense of delivering less than 30 grams of a substance containing cocaine, a Class X felony. Plea negotiations led to the reduction of the charge to a Class 2 felony. Defendant entered a guilty plea and was sentenced to three years in the Illinois Department of Corrections. Defendant did not appeal his conviction or file a motion to vacate the judgment and for leave to withdraw his guilty plea. Rather, he filed a petition which sought to withdraw his plea under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*), and alleged that the guilty plea was involuntary because he was not advised of the possibility of deportation as a result of pleading guilty to a felony. Following the hearing, the trial court denied the petition. Defendant now appeals from that decision.

We reverse.

During the post conviction hearing, defendant's trial attorney, Salvatore Marzullo, testified that he did not advise defendant about the possible consequences of deportation which could have occurred as a result of entering a guilty plea. Marzullo also testified that defendant did not inform him that he was an alien. He believed that defendant was from Yugoslavia, but did not inquire into defendant's legal status in this country. The arrest report, written after defendant's arrest, indicated that defendant's place of birth was Yugoslavia. Marzullo testified that he reviewed the report before advising defendant to enter a guilty plea. Marzullo further stated that occasionally he found it necessary for him to use an interpreter to communicate with defendant. Cross-examination of Marzullo also revealed that he acted as the trial attorney in *People v. Padilla* (1986), 151 Ill. App. 3d 297, a factually similar case involving the identical issue presented here.

Defendant testified on his own behalf and stated that he informed Marzullo of his alien status. Defendant also stated that Marzullo did not advise him concerning the consequences of a conviction for deliv-

ering controlled substances. Defendant stated that he would not have pleaded guilty if he had been aware of the consequences. Defendant did not learn that he was going to be deported until after entering the guilty plea.

After hearing the evidence, the trial judge denied defendant's petition and specifically stated that his decision was based on the credibility of the witnesses.

On appeal, defendant argues that he was denied his sixth amendment right to counsel when his attorney advised him to enter a guilty plea, but failed to counsel defendant concerning the possible immigration consequences of such a plea. The State argues that defendant's post-conviction petition was properly denied since defendant's trial attorney was under no obligation to inform defendant of the possible immigration implications of a guilty plea when he was unaware of defendant's alien status.

■ To determine whether Marzullo's representation of defendant was ineffective, we must determine whether defendant's guilty plea was a voluntary, intelligent and informed choice. (*People v. Huante* (1990), 194 Ill. App. 3d 159, 161.) The Supreme Court has adopted a two-part test for this determination in the case of *Strickland v. Washington* (1984), 466 U.S. 668, 687-88, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064. The defendant must first demonstrate that his attorney's representation fell below an objective standard of reasonableness and, secondly, that there is a reasonable probability that the result of the proceedings would have been different but for the attorney's unprofessional errors. (*Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.) The second element may be satisfied by a showing that but for trial counsel's unprofessional conduct, defendant would have insisted upon going to trial rather than pleading guilty. (*Huante*, 194 Ill. App. 3d at 162.) The *Strickland* test was expressly adopted by our supreme court in *People v. Albanese* (1984), 104 Ill. 2d 504, 526-27.

■ In *People v. Padilla* (1986), 151 Ill. App. 3d 297, this court found that a trial attorney who knows that his client is an alien must advise him of the deportation consequences of a guilty plea in a criminal proceeding. In the plurality decision of *People v. Huante* (1990), 194 Ill. App. 3d 159, the majority opinion extended the *Padilla* standard and found that trial counsel either knew or should have known that defendant was an alien and therefore was required to advise defendant of the deportation consequences of a guilty plea. Although the State urges us to adopt the dissenting opinion in *Huante*, we must agree with the majority. The determination of whether the fail-

ure to investigate potential deportation consequences constitutes ineffective assistance of counsel turns upon whether the trial attorney had sufficient information to form a reasonable belief that defendant was in fact an alien. *Huante*, 194 Ill. App. 3d at 164.

In the present case, the trial attorney testified that there was no discussion with defendant concerning his alien status or immigration consequences of a guilty plea. The trial court denied defendant's petition based on the credibility of the witnesses, notwithstanding the trial attorney's testimony that he reviewed an arrest report that declared defendant's place of birth to be Yugoslavia and on some occasions an interpreter was required to communicate with defendant. Since the trial attorney involved in this case was also the defense attorney in *People v. Padilla* (1986), 151 Ill. App. 3d 297, 298, he was aware that a plea of guilty to a charge of possession of controlled substances could result in deportation. Furthermore, defendant testified that he would not have pleaded guilty to the charge had he known a guilty plea would have resulted in deportation; he indicated that he would have gone to trial. We believe the facts of this case indicate that the trial attorney had sufficient information to form a reasonable belief that the defendant was, in fact, an alien.

Here, just as in *Huante*, the trial attorney had sufficient information, before defendant pleaded guilty, to question defendant's alien status; yet, he chose, albeit erroneously, to assume that defendant was not of alien status. Trial counsel's representation fell below an objective standard of reasonableness when he failed to ascertain the immigration status of defendant in a case where a conviction could result in deportation. Furthermore, there is no doubt that the trial attorney's unprofessional errors affected the outcome of the proceedings. Therefore, both elements of the *Strickland* test have been satisfied.

Accordingly, we reverse the judgment of the circuit court and remand the cause with directions to vacate defendant's guilty plea and grant him a new trial.

Reversed and remanded with directions.

McMORROW, P.J., and JIGANTI, J., concur.