THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MARTIN RODRIGUEZ, Defendant-Appellee.

Third District   Nos. 3—89—0581, 3—89—0582 cons.

Opinion filed September 12, 1990.

HEIPLE, P.J., dissenting.

Edward Burmila, State's Attorney, of Joliet (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Royal F. Berg and Kenneth Y. Geman, both of Chicago, for appellee.

Javier H. Rubinstein, of Mayer, Brown & Platt, and Roslyn C. Lieb, both of Chicago, for *amici curiae*.

JUSTICE STOUDER delivered the opinion of the court:

On August 10, 1988, the defendant, Martin Rodriguez, pled guilty to committing two counts of burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1). He was sentenced to 60 days in the county jail, four years' probation and ordered to pay a fine and costs totaling $300. The defendant subsequently filed a petition for post-conviction relief pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*). On August 18, 1989, the trial court granted the defendant's petition, and following a hearing, vacated defendant's burglary convictions. The trial court found the defendant had received ineffective assistance of counsel and been prejudiced thereby. The State appeals. We affirm.

The defendant was born in Mexico in 1970. He and his family came to the United States in 1975. In 1987, the defendant and his family applied for legal immigration status. They were granted temporary residence, the first step toward permanent residence. The defendant was arrested on December 23, 1987. Following plea negotiations, the State dropped two residential burglary charges and filed a new information charging the defendant with two counts of burglary, a Class 2 felony. The defendant entered a plea of guilty to the charges.

Before accepting the plea, the trial court admonished the defendant on the consequences of pleading guilty. The court determined that

the defendant had a full understanding of the charges against him, and that the plea agreement was not obtained by force, threat, improper conduct or any promise outside the plea agreement. The court found that the pleas of guilty were knowingly, understandingly and voluntarily made. The parties agree that no reference to the defendant's immigrant status was raised. The defendant's attorney did not inquire into the citizenship of his client, and the defendant was not informed that as a consequence of pleading guilty to a felony, he could be denied permanent residence in the United State and would be subject to deportation. In his post-conviction petition, the defendant contends he would not have entered a plea of guilty had he known that as a result he would lose his chance for permanent residency in the United States.

On appeal, the State contends the trial court erred in vacating the defendant's convictions. However, we find the recent case *People v. Huante* (1990), 194 Ill. App. 3d 159, 550 N.E.2d 1155 (petition for leave to appeal pending), dispositive on the issue presented.

In *Huante*, Huante's alien status was never discussed prior to the entry of Huante's guilty plea. Huante never revealed his status to his attorney and the attorney never inquired. The record showed that Huante was born in Mexico and had lived in the United States for 13 years at the time he pled guilty. At the post-conviction hearing it was stated that Huante spoke "fairly good English." However, Huante's sister stood by at the hearing in case she was need to interpret for him.

The *Huante* court stated that the potential deportation consequences of guilty pleas in criminal proceedings brought against alien defendants is material to critical phases in such proceedings, and the determination of whether the failure to investigate those consequences constitutes ineffective assistance of counsel turns to a significant degree upon whether the attorney had sufficient information to form a reasonable belief that the client was in fact an alien. (*People v. Huante* (1990), 194 Ill. App. 3d 159, 164, 550 N.E.2d 1155, 1159.) The court held that given the facts known to counsel, counsel's failure to ascertain the status of his client in order to determine what indirect consequences the guilty plea might trigger fell below an objective standard of reasonableness and that this affected the outcome of the plea process.

In the instant case, the Will County jail docket sheet generated at the time of the defendant's arrest states that the defendant was born in Mexico. Certainly counsel would have reviewed this document in becoming familiar with the case and in preparing to advise

his client. We find the State's attempt to distinguish the instant case from *Huante* unpersuasive. Given the facts known to the defendant's attorney, or which he should have known, counsel's representation in the instant case fell below an objective standard of reasonableness which affected the outcome of the proceedings.

Therefore, the judgment of the circuit count of Will County is affirmed.

Affirmed.

GORMAN, J., concurs.

PRESIDING JUSTICE HEIPLE, dissenting:

The State appeals the trial court decision to vacate defendant's burglary conviction. The trial court based that decision on its finding that defendant had received ineffective assistance of counsel and had been prejudiced thereby. The majority affirms the trial court holding. I dissent.

Defendant, Martin Rodriguez, was charged with two counts of residential burglary in 1988. Following plea negotiations, defendant pleaded guilty to the Class 2 felony of burglary and the State recommended defendant be placed on four years' probation, serve 60 days in county jail and pay fines and costs totaling $300. The trial judge thoroughly questioned and admonished defendant regarding the plea, and after assuring himself that defendant was competently and voluntarily entering the plea, accepted defendant's guilty plea and sentenced him pursuant to the plea agreement.

Defendant filed a petition for post-conviction relief on July 21, 1989. The petition alleged that the 18-year-old defendant was brought to the United States from Mexico at the age of four and had continuously resided with his family in Joliet since that time. Defendant and his family sought and received temporary residency pursuant to the amnesty provisions of the Immigration Reform Control Act of 1986, but defendant's application for permanent residence status was denied because the Act precludes convicted felons from obtaining permanent residence through the amnesty program. Defendant alleged that his guilty plea and subsequent conviction were the sole reason for denial of his amnesty application.

Defendant's petition further alleged that defendant was never advised by his attorney that his conviction would preclude him from obtaining permanent residence in the United States. Defendant claims his attorney's failure to advise him regarding the immigration con-

cerns and potential deportation was ineffective assistance of counsel, and that he would not have pleaded guilty had he been aware of the consequences. A subsequent affidavit was filed by defendant's counsel on behalf of defendant, wherein counsel stated that he could not recall if he ever discussed possible immigration concerns with defendant, or if he even knew defendant was an illegal alien. Defendant requested that the trial judge permit him to withdraw his guilty plea. Basing its decision on the cases of *People v. Padilla* (1986), 151 Ill. App. 3d 297, and *People v. Miranda* (1989), 184 Ill. App. 3d 718, the trial court found that defendant had received ineffective assistance of counsel and granted his petition. The majority affirms, relying on the recent decision in *People v. Huante* (1990), 194 Ill. App. 3d 159.

The reasoning of the trial court and the majority is flawed. Reliance on *Padilla, Miranda,* and *Huante* is misplaced. *Padilla* and *Miranda* can be readily distinguished from the instant case on the basis that attorneys in those cases were aware that their clients were aliens. This matter involves an attorney who was not informed, nor did he suspect, that his client had temporary resident alien status. It is not difficult to appreciate the difference between a lawyer who has knowledge of a special status influencing his client's case yet fails to apprise the client of the ramifications of his actions, and the attorney who is unaware of any potential complications resulting from his client's citizenry. The latter practitioner has no duty of which I am aware to inquire into the alien status of each and every client seeking defense of criminal prosecution.

Regarding *Huate,* I am not inclined to agree with the reasoning in the case, nor do I believe, in any event, that the holding is applicable to the instant matter. Although *Huante* seems to impose upon counsel the duty to investigate a client's alien status, I reiterate my objection to such a burdensome requirement. Pleading guilty to a felony can have an impact on numerous phases of one's life, yet an attorney cannot be expected to review each and every potential ramification of a felony conviction. Conviction of a felony, for instance, is grounds for divorce in Illinois. (Ill. Rev. Stat. 1989, ch. 40, par. 401(a)(1).) Is it, then, ineffective assistance of counsel if an attorney fails to disclose that a guilty plea would make it possible for his or her spouse to get a divorce? The alien status, like the marital status, of a client is wholly collateral and irrelevant to the preparation of a criminal defense.

Finally, regardless of the viability of the holding in *Huante*, it is not, as the majority states, dispositive of the instant case. In *Huante*, the defendant spoke "fairly good English," but frequently used an interpreter when communicating with his attorney and the court. This

led the court to conclude that the defendant's attorney should have recognized him as a possible alien. Defendant in this matter speaks fluent English and admittedly knows very little Spanish. The majority points out that, as in *Huante*, defendant's birthplace was noted as "Mexico" on court documents, and counsel should have been alerted to the possibility of alien status. It is unreasonable to expect attorneys to assume every foreign-born client is an alien. The mere appearance of a foreign birthplace on a docket sheet does not make the facts of this case parallel to *Huante*.

The defendant in the instant case has resided in the United States nearly all of his life, speaks fluent English and did not give his attorney any indication of his alien status. The failure of counsel to interrogate defendant regarding his status or recite to him a list of immigration concerns associated with pleading guilty to a felony is not indicative of ineffective assistance. Preparation of an effective defensive strategy does not require same. There is no evidence that counsel's conduct fell below objective standards of reasonable competence demanded of attorneys in criminal cases. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.) I would reverse the decision of the trial court. Accordingly, I dissent.