HECTOR MARIO VELEZ LOTERO, Plaintiff-Appellant, v. THE PEOPLE OF THE STATE OF ILLINOIS, Defendant-Appellee.

First District (4th Division)   No. 1—89—0201

Opinion filed September 13, 1990.

Linda Kahn and John Lewis, both of O'Keefe, Lewis & Bruno, P.C., of Skokie, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, David R. Butzen, and T. Michael Leuer, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

The instant appeal questions whether the petition for post-conviction relief (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*) of Hector Lotero (hereinafter defendant), an alien, is sufficient to state a claim based on ineffective assistance of counsel with respect to his plea of guilty to a narcotics charge. The defendant's post-conviction petition and supporting affidavit indicated that the defendant's trial counsel informed the defendant that although the attorney was "not an immigration attorney," the attorney believed there would be no immigration consequences to defendant's plea of guilty because (1) the defendant was married to a United States citizen and had a United States child by that marriage, and (2) the defendant would receive an expungeable term of probation in exchange for the guilty plea. We conclude that such a post-conviction petition is sufficient to state a claim for ineffective assistance of counsel rendering defendant's plea of guilty involuntary. We reverse the trial court's dismissal of defendant's post-conviction petition and remand the matter for further proceedings consistent herewith.

Defendant is a national of Columbia. In 1985, he pleaded guilty to possession of less than 30 grams of a controlled substance (Ill. Rev. Stat. 1985, ch. 56½, par. 1402(b)) and received two years' probation (hereinafter the section 410 probation). (Ill. Rev. Stat. 1985, ch. 56½, par. 1410.) Approximately 18 months later, the State petitioned to vacate defend-

ant's section 410 probation on the ground that defendant had committed the offense of delivery of a controlled substance in 1986. (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(a)(2).) A few months thereafter, defendant was arrested by agents of the United States Immigration and Naturalization Service (INS) and exclusion/deportation proceedings were instituted against him. It appears from the record that these INS proceedings were dismissed upon defendant's voluntary departure from the United States in 1989.

In October 1988, after defendant was arrested by the INS but before he voluntarily departed, defendant filed a petition for post-conviction relief (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*) requesting that his 1985 guilty plea be vacated on the ground that it was involuntary because of ineffective assistance of counsel when the plea was entered. As ultimately amended, defendant asserted in the post-conviction petition that "the specific basis for his plea of guilty was in reliance on the advice of his attorney that there would be no potential immigration consequences, as to deportation." Defendant stated that he would not have pleaded guilty if he had been advised that he could be deported because of the guilty plea.

In support of his petition for post-conviction relief, defendant attached the affidavit of the attorney who had represented him at the 1985 narcotics proceedings culminating in defendant's guilty plea. Relative to the effect a guilty plea would have on defendant's immigration status, the attorney's affidavit stated, "That in response to [defendant's] questions over his status, I informed him that I was not an immigration attorney, but because he was married to an American citizen and had a son by her, who was an American citizen, and the plea in his case would be to Section 1410 probation, and expungeable, that it was my belief that such a plea would not have any consequences on his immigration status."

■■■ The trial court dismissed defendant's petition for post-conviction relief without an evidentiary hearing, and defendant appeals. A petition for post-conviction relief based on ineffective assistance of counsel must allege facts to show that the attorney's representation fell below an objective standard of competence, and that, to a degree of reasonable probability, the attorney's ineffective assistance affected the outcome of the proceeding. (*People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246, citing *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.) Where a defendant contends that his attorney's ineffective assistance rendered his guilty plea involuntary, the defendant must show that his attorney's advice did not satisfy the objective standard of competence expected of attorneys in criminal cases, and that, to a

degree of reasonable probability, defendant would not have entered his guilty plea if his attorney had given him competent advice. *Hill v. Lockhart* (1985), 474 U.S. 52, 88 L. Ed. 2d 203, 106 S. Ct. 366; *People v. Correa* (1985), 108 Ill. 2d 541, 485 N.E.2d 307.

▪ In *People v. Correa* (1985), 108 Ill. 2d 541, 485 N.E.2d 307, the Illinois Supreme Court determined that an attorney's representation was ineffective where the attorney erroneously advised the alien defendant that there would be no deportation consequences to the defendant's plea of guilty to narcotics charges, because the defendant was married to a United States citizen and had a United States child by this marriage. The Illinois Supreme Court reasoned that it is the responsibility of the defendant's trial counsel to advise him of the collateral consequences of deportation where the defendant is an alien and is considering the entry of a guilty plea. Subsequent Illinois Appellate Court decisions have held that it is the responsibility of counsel to research and advise the alien defendant of the immigration consequences of a plea of guilty to a narcotics charge. *People v. Maranovic* (1990), 201 Ill. App. 3d 492; *People v. Miranda* (1989), 184 Ill. App. 3d 718, 722-23, 540 N.E.2d 1008; *People v. Padilla* (1986), 151 Ill. App. 3d 297, 502 N.E.2d 1182; see also *People v. Huante* (1990), 194 Ill. App. 3d 159, 550 N.E.2d 1155, *appeal allowed* (1990), 132 Ill. 2d 550 (defendant's trial counsel has duty to inquire of defendant's immigration status where circumstances place counsel on notice that his client might be alien).

▪ According to the record, defendant's trial counsel in the case at bar advised defendant that although the attorney "was not an immigration attorney," the attorney believed that defendant would not be subject to deportation if he pleaded guilty to the narcotics charge, because (1) defendant is married to a United States citizen and has a United States citizen by this marriage, and (2) defendant would receive an expungeable section 410 probation in exchange for his guilty plea. The defendant's attorney apparently undertook no research in spite of his admitted lack of knowledge or experience with respect to the questions posed by defendant. Under these circumstances, we conclude that the representation provided by defendant's trial counsel fell below the objective range of competence expected of attorneys in criminal matters.

In addition, we determine that defendant's post-conviction petition was sufficient to demonstrate that his attorney's legal advice affected the outcome of his guilty plea. Initially, we note that the advice given by defendant's attorney was erroneous. The first reason suggested by defendant's trial counsel, *viz.* defendant's marriage to and parentage of United States citizens, was no bar to defendant's potential deportation upon the entry of a guilty plea to a narcotics charge. See, *e.g., People v.*

*Correa,* 108 Ill. 2d 541, 485 N.E.2d 307.

In addition, the defendant's trial counsel's reliance upon section 410 probation was in error. At the time defendant entered his guilty plea in 1985, there was conflicting precedent with respect to whether a sentence of probation for a narcotics conviction, expungeable if fully served without adverse incident, was sufficient to subject an alien to deportation prior to expiration of the term of probation. The greater weight of authority held that such a probationary conviction was sufficient to warrant the defendant's deportation. (See, *e.g., Kolios v. Immigration & Naturalization Service* (1st Cir. 1976), 532 F.2d 786; *Gonzalez de Lara v. United States* (5th Cir. 1971), 439 F.2d 1316; *Ocon-Perez v. Immigration & Naturalization Service* (9th Cir. 1977), 550 F.2d 1153; contra *Rehman v. Immigration & Naturalization Service* (2d Cir. 1976), 544 F.2d 71; see generally Annot., 26 A.L.R. Fed. 709 (1976 & 1989 Supp.).) The advice of defendant's trial counsel that a section 410 probation would not carry any adverse deportation consequences was erroneous in light of this Federal precedent.

Defendant's post-conviction petition alleges that he relied upon his trial counsel's erroneous advice when defendant chose to plead guilty rather than exercise his right to demand trial. Defendant asserts that he would not have pleaded guilty had he received adequate and competent legal advice regarding the immigration consequences of his guilty plea. As a result, we conclude that defendant's petition was sufficient to state a claim for ineffective assistance of counsel rendering involuntary his 1985 plea of guilty to the charge of possession of less than 30 grams of a controlled substance.

We do not believe that defendant's voluntary departure from the United States, during the pendency of his deportation proceedings and with the approval of the INS, renders moot defendant's post-conviction petition. There is nothing in the record to indicate that, if the defendant were to reenter the United States, the INS could not reopen deportation proceedings against him because of his 1985 plea of guilty to the narcotics charge resulting in his section 410 probation. Thus, the threat of potential deportation remains regardless of whether defendant stayed in this country or voluntarily departed from it. See *People v. Miranda* (1989), 184 Ill. App. 3d 718, 726-27, 540 N.E.2d 1008.

For these reasons, the order of the circuit court is reversed and the cause remanded for further proceedings consistent herewith.

Reversed and remanded.

LINN AND JOHNSON, JJ., concur.