THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICARDO LUNA, Defendant-Appellant.

First District (3rd Division)   No. 1—90—0328

Opinion filed March 13, 1991.

McCarthy, Duffy, Neidhart & Snakard, of Chicago (Thomas Moore, Kevin Kulling, and John Lydon, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Howard Weisman, and Alexandria Buzanis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WHITE delivered the opinion of the court:

This appeal involves whether the petition for post-conviction relief (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*) of Ricardo Luna (hereinafter defendant), an alien, is sufficient to state a claim based on ineffective assistance of counsel with respect to his plea of guilty to a forgery charge in 1985. The defendant's post-conviction petition and affidavit indicated that the defendant's trial counsel (the public defender of Cook County) "never discussed anything about [his] citizen

status or the effect the plea of guilty would have on [his] chances to stay in the United States." The trial court dismissed the petition without an evidentiary hearing, and defendant appeals.

Defendant is an alien who was illegally residing in this country. In 1985, he pleaded guilty to forgery (Ill. Rev. Stat. 1983, ch. 38, par. 17—3) and received one year's probation. The probation terminated on July 29, 1986. Defendant then sought legalization under the Immigration Reform Control Act (Pub. Law 99—603, 100 Stat. 3359, 8 U.S.C. 1255(a) (1988)) which was effective from November 1986 until May 1988. However, defendant was denied amnesty because of this Class 3 felony conviction.

On August 25, 1989, defendant filed a petition for post-conviction relief (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*) requesting that his 1985 guilty plea be vacated on the ground that it was involuntary because of ineffective assistance of counsel when the plea was entered. Defendant asserted that he was never told of any potential immigration consequences for entering a plea of guilty. Defendant stated that he would not have pleaded guilty if he had been advised that he could be deported because of his guilty plea. *The record does not contain an affidavit of the attorney who had represented him at the 1985 forgery proceedings culminating in defendant's guilty plea.*

■ As a threshold matter, we note that a defendant who seeks to have his guilty plea vacated because he was never advised that it could result in deportation is not precluded from seeking relief under the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*). Even though defendant has completed his term of probation, the consequence of deportation is a drastic one which is usually more severe than the penalty imposed by the court in response to the plea. Accordingly, section 122—1 of the Act provides the appropriate method for the present defendant to belatedly assert those rights. *People v. Saks* (1989), 186 Ill. App. 3d 816, 542 N.E.2d 1155.

■■ A petition for post-conviction relief based on ineffective assistance of counsel must allege facts to show that the attorney's representation fell below an objective standard of competence, and that, to a degree of reasonable probability, the attorney's ineffective assistance affected the outcome of the proceeding. (*People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246, citing *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *Lotero v. People* (1990), 203 Ill. App. 3d 160, 560 N.E.2d 1104.) Where a defendant contends that his attorney's ineffective assistance rendered his guilty plea involuntary, the defendant must show that his attor-

ney's advice did not satisfy the objective standard of competence expected of attorneys in criminal cases, and to a degree of reasonable probability defendant would not have entered his guilty plea if his attorney had given him competent advice. *Hill v. Lockhart* (1985), 474 U.S. 52, 88 L. Ed. 2d 203, 106 S. Ct. 366; *People v. Correa* (1985), 108 Ill. 2d 541, 485 N.E.2d 307.

█ It is the responsibility of defense counsel to research and advise the alien defendant of the immigration consequences of a plea of guilty to a felony charge. (*People v. Maranovic* (1990), 201 Ill. App. 3d 492, 559 N.E.2d 126; *People v. Miranda* (1989), 184 Ill. App. 3d 718, 540 N.E.2d 1008; *People v. Padilla* (1986), 151 Ill. App. 3d 297, 502 N.E.2d 1182; see also *People v. Huante* (1990), 194 Ill. App. 3d 159, 550 N.E.2d 1155, *appeal allowed* (1990), 132 Ill. 2d 550 (defendant's trial counsel has duty to inquire of defendant's immigration status where circumstances place counsel on notice that his client might be alien).) The determination of whether the failure to investigate potential deportation consequences constitutes ineffective assistance of counsel turns upon whether the trial attorney had sufficient information to form a reasonable belief that defendant was in fact an alien. *People v. Maranovic* (1990), 201 Ill. App. 3d 492, 559 N.E.2d 126; *People v. Huante* (1990), 194 Ill. App. 3d 159, 550 N.E.2d 1155.

█ Defendant has stated in his affidavit that his trial counsel "never discussed anything about [his] citizen status or the effect the plea of guilty would have on [his] chances to stay in the United States." If defendant's trial counsel had sufficient information to reasonably believe that defendant was an alien and had failed to advise him of the potential immigration consequences resulting from entering a plea of guilty to a felony charge, the representation provided by defendant's trial counsel would fall below the objective range of competence expected of attorneys in such criminal matters. We hold that defendant's post-conviction petition was sufficient to state a claim for ineffective assistance of counsel which would render involuntary his 1985 plea of guilty to the charge of forgery. Accordingly, we reverse the order dismissing defendant's post-conviction petition for relief and remand the cause for an evidentiary hearing on the matter.

█ Defendant also argues that his claim should have been considered under the common law civil writs of error *coram vobis* and *audita querela*. Those procedures have been abolished. (Ill. Rev. Stat. 1989, ch. 110, pars. 2—1401(a), 12—183(g).) We believe that the relief under the Post-Conviction Hearing Act was the proper avenue for this defendant to pursue. *People v. Saks* (1989), 186 Ill. App. 3d 816, 542 N.E.2d 1155.

394

For the foregoing reasons, the order of the circuit court is reversed and the cause remanded for further proceedings consistent herewith.

Reversed and remanded.

CERDA, P.J., and RIZZI, J., concur.