**382**

UNITED STATES of America ex rel.
Van L. PRIDE, Petitioner,

v.

Kenneth McGINNIS, Respondent.

No. 90 C 5557.

United States District Court,
N.D. Illinois, E.D.

May 15, 1991.

Van L. Pride, pro se.

Neil F. Hartigan, Atty. Gen., State of Ill. by Bradley P. Halloran, Asst. Atty. Gen., Chicago, Ill., for respondent.

ORDER

BUA, District Judge.

Petitioner Van L. Pride, an inmate at the Pontiac Correctional Center, is currently serving a 30–year sentence for a rape and armed robbery conviction. Pride brings a writ of habeas corpus under 28 U.S.C. § 2254 petitioning the court to review his conviction. For the reasons stated below, the court dismisses Pride's petition without prejudice.

Pride sets out three claims in his habeas corpus petition. First, he alleges that he was denied his right to due process and a fair trial because the State improperly used his post-arrest statement during cross-examination and closing argument to impeach his trial testimony. Second, he contends that he was denied a fair trial and due process because the trial court allowed the introduction into evidence of a separate but similar crime. Third, although not explicit-

ly set forth in his petition, Pride brings an ineffective assistance of counsel claim. This third claim is outlined in Pride's Memorandum of Law in Support of his Writ of Habeas Corpus. (Memorandum at 1.)

Before a writ of habeas corpus may be brought, all remedies available in state court must be exhausted. 28 U.S.C. § 2254(b). A petitioner has not exhausted the remedies available in state court if he has a right under state law to raise, by any available procedure, the claim presented. 28 U.S.C. § 2254(c).

In this case, two of the three claims presented by Pride are exhausted. Pride appealed the issue of his post-arrest statement to both the Illinois Appellate Court and the Illinois Supreme Court. Therefore, he has exhausted that issue.

He has also met the exhaustion requirement on the issue of the introduction into evidence of the separate but similar crime. Pride directly appealed that issue to the Illinois Appellate Court. And, he may no longer bring the issue before the Illinois Supreme Court. Nor are post-conviction remedies available. "Proceedings under the Post–Conviction Hearing Act are not intended to be a device [to relitigate] issues that have in fact been considered on appeal from the original conviction." *People v. Logan*, 72 Ill.2d 358, 21 Ill.Dec. 186, 191, 381 N.E.2d 264, 269 (1978).

It is the third claim that proves to be unexhausted. Pride states in his Memorandum of Law that he might raise, in state court, a claim of ineffective assistance of trial counsel. (Memorandum at 1.) To date, he has not brought the claim in any state court proceedings. While he can no longer bring this claim on direct appeal, a post-conviction remedy is still available. An ineffective assistance of counsel claim can properly be brought under the Illinois Post–Conviction Hearing Act, Ill.Rev.Stat.

ch. 38, para. 122–1 (1989). *People v. Johnson*, 97 Ill.App.3d 976, 53 Ill.Dec. 599, 601, 424 N.E.2d 12, 14 (1981); *United States ex rel. Clauser v. Shadid*, 677 F.2d 591, 593 (7th Cir.1982). Such "[a] petition for post-conviction relief ... must allege facts to show that the attorney's representation fell below an objective standard of competence, and that, to a degree of reasonable probability, the attorney's ineffective assistance affected the outcome of the proceeding." *People v. Luna*, 211 Ill.App.3d 390, 392, 155 Ill.Dec. 891, 893, 570 N.E.2d 404, 406 (1991). Post-conviction relief is available for 10 years following the rendering of a final judgment. Ill.Rev.Stat. ch. 38, para. 122–1 (1989). As Pride's conviction occurred in 1984, he is well within the time limit for bringing a post-conviction petition. Since a post-conviction remedy still remains, Pride's ineffective assistance of counsel claim is unexhausted.[1]

Thus, Pride has not satisfied the requirement that a petitioner bring only exhausted claims in his habeas petition. In *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Supreme Court held that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Id.* at 522, 102 S.Ct. at 1205. Pride is mistaken in his belief that *Lundy* allows him to present his exhausted claims in federal court and still pursue an unexhausted claim in state court. *Lundy* does not offer petitioners quite that choice. Rather, *Lundy* gives prisoners who submit petitions with exhausted and unexhausted claims the option to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims. *Id.* at 520, 102 S.Ct. at 1204. The selection of submitting a petition with only exhausted claims comes with a price. A "prisoner risk[s] forfeiting consideration of

---

1. There is no longer any quarrel with the conclusion that the availability of a post-conviction remedy for an ineffective assistance of counsel claim indicates that state remedies have not been exhausted. The Seventh Circuit has held that "[a] federal petition should be dismissed for failure to exhaust [a] state remedy only if there is direct precedent indicating that under the

particular circumstances of a prisoner's case the waiver doctrine will be relaxed." *United States ex rel. Williams v. Brantley*, 502 F.2d 1383, 1386 (7th Cir.1974). Sufficient precedent has been cited *infra* at 383 to show that the waiver doctrine would be relaxed in the context of an ineffective assistance of counsel claim.

**384**

his unexhausted claims in federal court." *Id.*

██ It may be that Pride intended to choose the former option. By not including the ineffective assistance of counsel claim in his formal habeas petition, he may have been signaling his desire to submit a petition with only exhausted claims. However, if that is the case, the court must be certain that Pride is fully aware of the consequences of pursuing that choice. Should he bring the ineffective assistance of counsel claim in state court and lose, in all probability he will not be able to bring the claim in a subsequent federal habeas corpus petition. Any additional habeas petition that Pride might submit to raise the claim would likely be dismissed for abuse of writ unless he could show cause and prejudice or establish that failure to hear the claim would result in a fundamental miscarriage of justice. *McCleskey v. Zant,* — U.S. —, — – —, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991).

The court is loath to foreclose any claim to petitioner. Therefore, without a clear indication from Pride that he intends to litigate the habeas petition in federal court without the ineffective assistance of counsel claim, to take his chances in state court in pursuing his ineffective assistance of counsel claim and probably forfeit the ability to bring the claim in a habeas proceeding, the court will not proceed with the habeas corpus petition before it. *See United States ex rel. Moore v. Thieret,* 657 F.Supp. 1148, 1151 (N.D.Ill.1987) (court found that petitioner's claims were exhausted when on notice that petitioner declined to press ineffective assistance of counsel claim). The court dismisses this habeas corpus petition without prejudice. Pride may refile the petition with an indication that he intends to exclude the ineffective assistance of counsel claim from consideration or he may refile after having exhausted all state remedies regarding his ineffective assistance of counsel claim.

IT IS SO ORDERED.