**UNITED STATES of America, ex rel. Trent FRIESON, Petitioner,**

v.

**Howard A. PETERS, III, Respondent.**

No. 91 C 1770.

United States District Court, N.D. Illinois, E.D.

Nov. 25, 1991.

Trent Frieson, pro se.

Bradley P. Halloran, Terence Madsen, Illinois Atty. Gen.'s Office, Chicago, Ill., for respondent.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Petitioner, Trent Frieson, is an inmate at the Pontiac Correctional Center where he is currently serving a 35 year sentence for murder. Frieson seeks habeas corpus relief under 28 U.S.C. § 2254 and petitions the court to review his petition. For reasons stated below, the court dismisses Frieson's petition without prejudice.

**1184**

Frieson offers three claims in his habeas corpus petition. First, he contends that he was denied due process of law because the state failed to prove beyond a reasonable doubt that he did not act in self-defense. Second, he contends that he was denied due process of law because the evidence allegedly supported at most a conviction for voluntary manslaughter and not for murder. Third, he contends that he was denied due process and the equal protection of the law because the trial court allegedly abused its discretion in sentencing him to a 35 year prison term without considering his young age and lack of criminal background.

 A petitioner for habeas corpus relief must first have exhausted all remedies available in state court before filing a writ of habeas corpus. 28 U.S.C. § 2254(b). State court remedies are exhausted only if the petitioner has no right under state law to raise, by any available procedure, the claim presented. 28 U.S.C. § 2254(c).

 Frieson presented all three of these issues raised in his petition on direct appeal to the Illinois Appellate Court which ruled against him. He then appealed to the Supreme Court of Illinois which denied his petition for leave to appeal. With those appeals, Frieson exhausted his state court remedies for the claims listed in his habeas corpus petition. Relief based on those arguments would not be available under the Illinois Post–Conviction Hearing Act, Ill. Rev.Stat. ch. 38, ¶ 122–1 (1989). "Proceedings under the Post–Conviction Hearing Act are not intended to be a device [to relitigate] issues that have in fact been considered on appeal from the original conviction." *People v. Logan,* 72 Ill.2d 358, 369, 21 Ill.Dec. 186, 381 N.E.2d 264 (1978).

 In addition to the three arguments raised in the petition, Frieson, in a Memorandum of Law In Support of Petition For Habeas Corpus Relief attached to the petition, also refers to "unexhausted claims [which] will be pursued in additional state court proceedings." (Memorandum at 1). The only such unexhausted claim specifically mentioned is a claim regarding ineffective assistance of counsel. While he can no longer bring the ineffective assistance of counsel argument on direct appeal, he can still bring it under the Illinois Post–Conviction Hearing Act. *See People v. Luna,* 211 Ill.App.3d 390, 155 Ill.Dec. 891, 570 N.E.2d 404 (1st Dist.1991).

The Supreme Court has ruled that when a prisoner has both exhausted and unexhausted claims, he has a "choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1981). Frieson's Memorandum declares that he is exercising his choice under *Rose v. Lundy* to present only the exhausted claims and that his unexhausted claims will be raised (if they will be raised) in a state post-conviction proceeding. (Memorandum at 1).

Ordinarily, the court would honor such a decision. Two weeks following the filing of Frieson's petition, however, the Supreme Court decided the case of *McCleskey v. Zant,* — U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). In *McCleskey,* the Court ruled that prisoners are entitled to only "one bite at the apple," *i.e.,* they are entitled to only one federal petition for habeas corpus relief. To bring a second habeas corpus petition, prisoners either must show just cause for failing to raise all their arguments in the first petition or they must show that a "miscarriage of justice" would result from dismissing the second petition. *Id.*

Because he filed his petition two weeks before *McCleskey* was decided, Frieson could not have been fully aware of the gravity of his decision. If he fails in the present petition, *McCleskey* would probably bar federal habeas review of the other unexhausted claims referred to in his Memorandum. This court is loath to foreclose any claim available to Frieson by honoring a *Lundy* choice made prior to the *McCleskey* decision.

Accordingly, Frieson's petition for habeas corpus relief is dismissed without prejudice. Frieson is free to refile his petition

excluding his unexhausted claims, but is now put on notice of the post-*McCleskey* consequences of such a decision.

### Conclusion

The petition for habeas corpus relief is dismissed without prejudice.