23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Rufus A. AVERHART, Petitioner-Appellant,
v.
Robert FARLEY and Indiana Attorney General,**
Respondents-Appellees.
 No. 93-2982.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1994.*
Decided May 13, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Rufus Averhart, convicted of murdering a Gary, Indiana police officer and sentenced to death, Averhart v. State, 470 N.E.2d 666 (Ind.1984), cert. denied, 471 U.S. 1030 (1985), brought a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254 in which he raised seven grounds for relief. At the same time Averhart also had a petition for post-conviction relief pending in the Indiana state courts. The district court stayed the proceedings in the federal case until the conclusion of Averhart's post-conviction proceedings in the state courts. When the district court learned that the Supreme Court of Indiana had reversed Averhart's sentence of death and remanded the case for resentencing, Averhart v. State, 614 N.E.2d 924 (Ind.1993) (per curiam), it sua sponte dismissed the petition without prejudice.[3] Averhart appeals,[4] and we affirm.
 
 
 2
 A threshold issue is whether Averhart has exhausted his available state court remedies. Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.), cert. denied, 112 S.Ct. 387 (1991). The exhaustion rule requires a district court to dismiss a "mixed petition" containing both exhausted and unexhausted claims, "leaving the petitioner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S. 509, 510 (1982). The respondents argue that we should treat Averhart's amended petition as a "mixed" petition under Rose v. Lundy because some of the exhausted claims may resurface upon resentencing,[5] and because resentencing may give rise to new, unexhausted claims.
 
 
 3
 We agree that this should be treated as a "mixed petition" and conclude that in the absence of an "express and unambiguous abandonment" by Averhart of unexhausted claims,[6] Shears v. Israel, 712 F.2d 1220, 1221-22 (7th Cir.1983) (per curiam), the proper course is to dismiss the petition without prejudice pursuant to Rose v. Lundy.[7] After Averhart is resentenced, he can refile his petition in federal court with only exhausted claims, having been warned that in doing so he runs the risk that the abuse of the writ doctrine might bar a future federal petition challenging his resentencing, see Rule 9(b) of the Rules Governing Section 2254 Proceedings; McCleskey v. Zant, 111 S.Ct. 1454 (1991), or he can remain in state court to exhaust all other challenges to his sentence, and then file a new petition in federal court. Lundy, 455 U.S. at 520-21.
 
 
 4
 The decision of the district court is accordingly AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record
 
 
 **
 Robert Farley is substituted for Jack Duckworth pursuant to Fed.R.App.P. 43
 
 
 [3]
 The propriety of a dismissal rather than a stay was not raised by Averhart in his brief, and therefore is not preserved for our review. See, e.g., United States ex rel. Wright v. Peters, 837 F.Supp. 940 (C.D.Ill.1993) (death penalty habeas case; Sec. 2254 proceedings were stayed pending exhaustion of state remedies) (collecting authority); see generally Larry W. Yackle, Postconviction Remedies, Sec. 54 at 237 (1981) (while district courts have discretion to retain jurisdiction of a habeas petition pending exhaustion of state remedies, the run of Supreme Court cases hold that the proper course in such circumstances is to dismiss the petition without prejudice to a later application for the writ after the exhaustion requirement is met); compare Heck v. Humphrey, 997 F.2d 355 (7th Cir.1993), cert. granted, 114 S.Ct. 751 (1994) (district court properly dismissed Sec. 1983 action; plaintiff was not entitled to a stay of proceedings while he exhausted state remedies because his claim was in part one for habeas corpus relief)
 
 
 [4]
 Averhart's argument that the district court erred in dismissing his petition without requiring the respondents to file a response or to file the state court record lacks merit. The respondents could not answer the petition because the record was being used in the Indiana courts and was unavailable to them. At all events, Averhart made no showing that the respondents' action prejudiced him. Bleitner v. Welborn, 15 F.3d 652, 653 & 654 (7th Cir.1994). Averhart's argument concerning the futility of exhaustion also lacks merit since there are available state remedies for deciding his claims. White v. Peters, 990 F.2d 338, 342 (7th Cir.1993)
 
 
 [5]
 According to the respondents, these claims involve use of victim character evidence and a jury instruction on the weight of its recommendation
 
 
 [6]
 The respondents concede that there was no clear waiver here
 
 
 [7]
 District courts in this circuit have followed the same course when confronted with analogous facts. See United States ex rel. Frieson v. Peters, 780 F.Supp. 1183 (N.D.Ill.1991); United States ex rel. Pride v. McGinnis, 763 F.Supp. 382 (N.D.Ill.1991)