In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3158

Jose E. Sandoval,

Petitioner,

v.

Immigration and Naturalization Service,

Respondent.


Petition for Review of an Order of
the Board of Immigration Appeals
No. A42 341 246.


Argued September 27, 2000--Decided February 12, 2001


        Before Posner, Coffey, and Kanne, Circuit Judges.

        Kanne, Circuit Judge.  Jose Sandoval, petitioner,
entered the United States as a permanent resident
on July 31, 1990. In December 1991 he was charged
by information filed in the Circuit Court of Cook
County, Illinois, with possession of more than
thirty but less than 500 grams of cannabis. See
Ill. Rev. Stat. ch. 56 , para. 704(d) (1991), now
codified as 720 Ill. Comp. Stat. Ann. 550/4 (West
Supp. 2000)./1 Following his entry of a plea of
guilty to the violation of sec. 704(d), Sandoval
was sentenced to a period of two years probation.


        On the basis of his drug conviction, the
Immigration and Naturalization Service ("the
INS") began deportation proceedings against
Sandoval in April 1992. In response to the threat
of deportation, Sandoval promptly filed a post-
conviction motion, pursuant to the Illinois Post-
Conviction Hearing Act ("the Act"). Ill. Rev. Stat.
ch. 38, para. 122 et seq. (1991), now codified as
725 Ill. Comp. Stat. Ann. 5/122-1 (West Supp. 2000).
The Act provides a remedy to state criminal
defendants claiming substantial violations of
their federal or state constitutional rights by
allowing collateral attack on a judgment of
conviction. See People v. Towns, 696 N.E.2d 1128,
1133 (Ill. 1998). In his post-conviction motion,
Sandoval alleged that he had entered a guilty
plea on advice of counsel, and that counsel had

advised him not to worry about his status as a resident alien. He further asserted that he never would have entered the plea if he had known that it would subject him to deportation. "It is counsel's responsibility, and not the court's, to advise an accused of a collateral consequence of a plea of guilty; the consequence of deportation has been held to be collateral." People v. Correa, 485 N.E.2d 307, 310 (Ill. 1985). Under Illinois law, if a defendant enters a plea of guilty in reasonable reliance upon the erroneous advice of counsel that the defendant's plea would have no collateral deportation consequence, reliance on this misleading advice can render the defendant's plea involuntary. See People v. Correa, 485 N.E.2d 307, 309-12 (Ill. 1985); see also People v. Luna, 570 N.E.2d 404, 406-07 (Ill. App. Ct. 1991) (holding that post-conviction petition, which alleged that counsel failed to advise alien that a felony conviction could result in deportation, was sufficient to state a claim for ineffective assistance of counsel).

The Illinois state court judge responded to Sandoval's post-conviction motion on November 30, 1992, by entering a modified order of twenty-four months of first offender probation, pursuant to Chapter 56-1/2, section 710 of the Illinois Revised Statutes./2 Ill. Rev. Stat. ch. 56 , para. 710 (1991), now codified as 720 Ill. Comp. Stat. Ann. 550/10 (West Supp. 2000). A court may only impose probation under section 710 if the individual is a first time offender who has pleaded guilty to or has been found guilty of the misdemeanor offenses of possession of marijuana under section 704(a), possession of not more than 2.5 grams of marijuana; section 704(b), possession of more than 2.5 grams but less than ten grams of marijuana; or section 704(c), possession of more than ten grams but not more than thirty grams of marijuana. The section 710 probation given to Sandoval is not available to defendants convicted under 704(d)--the felony offense of possession of greater than thirty but less than 500 grams of marijuana--the offense for which Sandoval was originally convicted.

After the November 30th order sentencing him to section 710 probation, Sandoval's deportation proceeding resumed. The Immigration Judge acknowledged that Sandoval would not be deportable if his conviction was for possession of thirty grams or less of marijuana, but he found that Sandoval bore the burden of proving this factual circumstance. Therefore, the judge was of the opinion that, because Sandoval had provided no reason to believe that the charging information referenced in the original statement of conviction was not accurate, Sandoval had been convicted of possession of more than thirty

grams. The Immigration Judge also found that Sandoval's sentence to first offender probation was not the state counterpart of the Federal First Offender Act, and declined Sandoval relief under that statute. See 18 U.S.C. sec. 3607. Further, he expressed his view that the Illinois state court judge had modified Sandoval's sentence solely to avoid the consequences of the immigration law, and that, even if the modification was the state counterpart of the Federal First Offender Act, it was not effective for purposes of federal immigration law.

On appeal to the Board of Immigration Appeals ("the Board"), Sandoval challenged each of these conclusions. First, he argued that first offender probation under section 710 is not a conviction for immigration purposes. Second, Sandoval asserted that first offender probation is comparable to a disposition under the Federal First Offender Act. Third, he contended that the modification order of the Illinois court was not ineffective, under Board precedent. Finally, he argued that the Illinois court had vacated his earlier conviction under 704(d), and entered a new conviction under 704(a), (b), or (c); thus, since he had to have been convicted of possessing thirty grams or less of marijuana, he was not deportable as charged in the order to show cause. See 8 U.S.C. sec. 1251(a)(2)(B)(i) (originally enacted as Immigration and Nationality Act (INA), ch. 477, sec. 241(a)(2)(B)(i), 66 Stat. 163) (current version at 8 U.S.C. sec. 1227(a)(2)(B)(i))./3 The Board dismissed Sandoval's appeal through a per curiam opinion issued in July 1999, rejecting his first two arguments. It determined that the enactment of a federal statute defining "conviction" for immigration purposes precluded the availability of federal first offender treatment./4 See 8 U.S.C. sec. 1101(a)(48)(A). The opinion did not address Sandoval's assertion that he was not deportable because he was convicted of possession of thirty grams or less of marijuana.

In this appeal, Sandoval alleges that the INS did not carry its burden of proving deportability, and that he does not have a conviction that renders him deportable under section 241(a)(2)(B)(i) of the INA. See 8 U.S.C. sec. 1251(a)(2) (B)(i) (current version at 8 U.S.C. sec. 1227(a)(2)(B)(i)).

I.  Analysis
A.  Jurisdiction

Under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), when a final order of deportation is entered "there shall be no appeal

permitted in the case of an alien who is . . . deportable by reason of having committed a [controlled substance] offense covered in . . . the Immigration and Nationality Act." IIRIRA, sec. 309(c)(4)(G), Pub. L. No. 104-208, 110 Stat. 3009-625 (Sept. 30, 1996), set out at 8 U.S.C. sec. 1101, Historical and Statutory Notes. Notwithstanding this restriction, courts do have jurisdiction to review whether the alien was convicted of a criminal offense that justifies deportation. See Wedderburn v. INS, 215 F.3d 795, 797 (7th Cir. 2000), petition for cert. filed, 69 U.S.L.W. 3409 (U.S. Nov. 29, 2000) (No. 00-875); see also Jideonwo v. INS, 224 F.3d 692, 696 (7th Cir. 2000); Xiong v. INS, 173 F.3d 601, 604 (7th Cir. 1999). This limited review enables "judicial correction of bizarre miscarriages of justice." LaGuerre v. Reno, 164 F.3d 1035, 1040 (7th Cir. 1998). Therefore, we must determine whether Sandoval was convicted of a controlled substance offense that would justify deportation under the INA.

B.  Deportability Under Section 241

The immigration law in effect at the time the INS instituted deportation proceedings stated: "Any alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance . . . , other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable." 8 U.S.C. sec. 1251(a)(2)(B)(i) (current version at 8 U.S.C. sec. 1227(a)(2)(B)(i)). "The term 'conviction' means, with respect to an alien, a formal judgment of guilt of the alien entered by a court . . . ." 8 U.S.C. sec. 1101(a)(48)(A). If "adjudication of guilt has been withheld," then an alien is considered convicted "where (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." 8 U.S.C. sec. 1101(a)(48)(A)(i), (ii).

Sandoval's original conviction for possession of more than thirty grams would have rendered him deportable under section 241(a)(2)(B)(i) of the INA. His modified sentence, however, would only be appropriate if the judge had vacated the original conviction and entered a new conviction for possession of thirty grams or less of marijuana. Lack of a court order vacating the original conviction has left the parties disputing the effect of the modified sentence. Sandoval argues that it was a legal modification under Illinois law, and that the modification has

to mean that he was convicted of possession of thirty grams or less of marijuana, which is not a conviction for immigration purposes. The INS argues that the conviction under 704(d) remains a conviction for immigration purposes and that there is substantial evidence to support the finding that Sandoval was convicted of possession of more than thirty grams. The insufficiency of the state court record is, of course, the heart of the problem.

It is the duty of the INS to establish the facts supporting deportability "by clear, unequivocal and convincing evidence." Woodby v. INS, 385 U.S. 276, 277, 286, 87 S. Ct. 483, 17 L. Ed. 2d 362 (1966); Dashto v. INS, 59 F.3d 697, 701 (7th Cir. 1995). In the instant case, the Immigration Judge incorrectly placed the burden of proof on the petitioner. The Immigration Judge concluded that Sandoval was deportable under section 241, in part because Sandoval had not shown that the charging information and the original statement of conviction were inaccurate. The Board did not address this last finding of the Immigration Judge. "When the BIA summarily adopts an IJ's decision, we review the IJ's analysis as if it were the Board's." Mousa v. INA, 223 F.3d 425, 428 (7th Cir. 2000) (citing Lwin v. INS, 144 F.3d 505, 508-09 (7th Cir. 1998)).

We thus examine whether the INS carried its burden of proving that Sandoval is deportable under section 241. In order to show that Sandoval's original conviction for possessing more than thirty grams of marijuana remained in effect, the INS could have shown 1) that the Illinois judge exceeded his authority under state law, thus rendering the modification ineffective, or 2) that the sentence modification was legal but not effective for purposes of federal immigration law. We find that the INS did not establish either of these factual situations by clear, unequivocal, and convincing evidence.

1. The Legality of the Sentence Modification

To demonstrate to the Immigration Judge that Sandoval fell within the category of deportable aliens, the INS relied on the charging information and the original statement of conviction. The subsequent events in state court, however, should have been taken into account. Sandoval's motion under the Illinois Post-Conviction Act constituted a collateral attack, see People v. Towns, 696 N.E.2d 1128, 1133 (Ill. 1998), which is defined as an "attack on a judgment . . . whose very purpose is to impeach or overturn the judgment." Black's Law Dictionary 261 (6th ed. 1990). The involuntary entering of a guilty plea that results from the ineffective

assistance of counsel is a constitutional violation that merits attention under the Act. See People v. Correa, 485 N.E.2d 307, 309-12 (Ill. 1985); People v. Luna, 570 N.E.2d 404, 406-07 (Ill. App. Ct. 1991). When a court finds that a motion under the Act is meritorious, the court is authorized to "enter an appropriate order with respect to the judgment or sentence in the former proceedings and such supplemental orders . . . as may be necessary and proper." Ill. Rev. Stat. ch. 38, para. 122-6 (1991), now codified as 725 Ill. Comp. Stat. Ann. 5/122-6 (West 1992). The Illinois judge was thus acting under authority of state law when he granted Sandoval's motion for post-conviction relief and modified Sandoval's sentence.

The INS argues that the judge did not vacate Sandoval's conviction, and therefore Sandoval remained convicted of possession of more than thirty grams of marijuana. If we accept this assertion, we would have to conclude that the state court judge violated Illinois criminal procedure when he gave Sandoval probation under section 710. In other words, if Sandoval's original conviction under section 704(d) had not been vacated, and the underlying conviction remained, then the judge could not legally have sentenced Sandoval to section 710 probation. As noted earlier, that sentence is available only when the defendant was convicted under section 704(a), (b), or (c), or other provisions not relevant to this case. The INS bears the burden of proving that the judge was acting contrary to Illinois law. See Matter of Kaneda, 16 I.&N. Dec. at 680.

Rather than proving that the judge acted illegally, however, the INS maintained that it was possible for the judge to have legally modified Sandoval's sentence and for Sandoval to still fall within the category of aliens deportable under section 241(a)(2)(B)(i). This would be the case, the INS alleged, if the conviction of December 1991 was Sandoval's second conviction for possession of cannabis. Under 704(c), "if any offense under this subsection (c) is a subsequent offense, the offender shall be guilty of a Class 4 felony." Ill. Rev. Stat. ch. 56 , para. 704(c) (1991), now codified as 720 Ill. Comp. Stat. Ann. 550/4(c) (West Supp. 2000). Thus, the judge could have downgraded the sentence from 704(d) to 704(c), yet if it was Sandoval's second offense, he would not be saved from deportation because he had more than "a single offense involving possession for one's own use of 30 grams or less of marijuana." 8 U.S.C. sec. 1251(a)(2)(B)(i) (current version at 8 U.S.C. sec. 1227(a)(2)(B)(i)). The INS alleges further that a misdemeanor requires a sentence of less

than one year, and because the judge sentenced Sandoval to two years probation, Sandoval must have been convicted of a felony. These arguments appear insufficient to carry the INS's burden.

First, there is nothing in the record to indicate that Sandoval has a prior conviction. The logical assumption from this record is that none exists, and the INS presented no evidence to the contrary. We will not assume facts that have no support in the record to attempt to help the INS satisfy its burden. Second, section 710 probation is only available to first time offenders. See Ill. Rev. Stat. ch. 56 , para. 710(a), now codified as 720 Ill. Comp. Stat. Ann. 550/10(a) (West Supp. 2000). If Sandoval had "previously been convicted of, or placed on probation or court supervision for, any offense . . . relating to cannabis" he would not have been eligible for 710 probation. Id. Thus, the judge's modification of the sentence would still have been illegal under Illinois law. Third, the INS's assertion that a misdemeanor requires a sentence of less than one year is incorrect. A misdemeanor conviction requires that any imprisonment be less than one year, see Ill. Rev. Stat. ch. 38, para. 1005-1-14 (1991), now codified as 730 Ill. Comp. Stat. Ann. 5/5-1-14 (West 1997), but a judge is authorized to sentence a defendant to probation for up to two years. See id. para. 1005-6-2(b)(3), now codified as 730 Ill. Comp. Stat. Ann. 5/5-6-2 (West Supp. 2000). The INS did not prove that the Illinois judge exceeded his authority under state law when he modified Sandoval's sentence. We now turn to the argument that Sandoval's original conviction remains a conviction for immigration purposes.

2. The Effect of the Sentence Modification on the Operation of the INA

The INS argues that Sandoval's original conviction remains a conviction for immigration purposes because a vacation of that conviction would constitute action under a state rehabilitative scheme. The BIA has held that state rehabilitative statutes, which allow a state court to expunge, dismiss, cancel, vacate, discharge or otherwise remove a guilty plea or other record of guilt or conviction, "are of no effect in determining whether an alien is considered convicted for immigration purposes." In re Roldan-Santoyo, Interim Decision 3377 (BIA 1999), removal orders vacated sub nom. Lujan-Armendariz v. INS, 222 F.3d 728 (9th Cir. 2000). Under the reasoning in Roldan-Santoyo, even if a state court expunges a conviction, or withholds adjudication of guilt unless parole is violated, aliens who receive the benefit of these rehabilitation schemes are still considered

convicted for the purpose of federal immigration law. See id. The INS concludes this modification was part of a scheme of rehabilitation, and thus the original felony conviction remains a conviction for immigration purposes. The strength of its position has been called into question by the Ninth Circuit's rejection of much of Roldan-Santoyo's reasoning. Yet even if the Roldan-Santoyo decision stood undisturbed, it would not lead us to conclude that Sandoval is deportable.

The instant case is distinguishable from Roldan-Santoyo because it does not involve a state rehabilitative scheme. Adjudication of guilt was not withheld, nor was an alien's criminal record cleared; rather, Sandoval was convicted of an offense and sentenced, and then received a modified sentence. Though the insufficiency of the state court record has led to some confusion, the INS has not provided any convincing reason to ignore the most logical conclusion, which is that the Illinois judge must have vacated the original conviction and modified Sandoval's sentence accordingly. The BIA has found that a conviction vacated pursuant to this type of post-conviction scheme does not constitute a conviction for immigration purposes within the meaning of section 1101(a)(48)(A) of the Immigration and Nationality Act. See In re Rodriguez-Ruiz, Interim Decision 3436 (BIA 2000) (distinguishing the NY criminal procedure law on post judgment motions from the statutes implicated under the Roldan-Santoyo decision). Further, in Roldan-Santoyo, the BIA did not address the situation "where the alien has had his or her conviction vacated by a state court on . . . grounds relating to a violation of a fundamental statutory or constitutional right in the underlying criminal proceedings." Interim Decision 3377 (BIA 1999). Because the very purpose of the Illinois Post-Conviction Hearing Act is to remedy constitutional violations in the underlying criminal proceedings, the Illinois scheme falls outside the category of statutes discussed in Roldan-Santoyo. See id.

The INS also alleges that the modification was entered solely for immigration purposes, and is thus ineffective. This allegation is unfounded. The judge's modification was in response to Sandoval's properly filed motion stating a cognizable claim of ineffective assistance of counsel. That Sandoval may have filed his motion in response to the threat of deportation is irrelevant. Further, even if the state court judge's decision to modify Sandoval's sentence was motivated by the consequences of the federal immigration law, that fact would not render the modification ineffective for immigration purposes. See Matter of Kaneda, 16 I.&N. Dec. 677

(BIA 1979); Matter of O'Sullivan, 10 I.&N. Dec. 320, Interim Decision 1294 (BIA 1963).

II.  Conclusion

We conclude that the INS did not prove by clear, unequivocal, and convincing evidence that Sandoval was convicted of possession of more than thirty grams of marijuana. The INS did not prove that the Illinois state court judge exceeded his legal authority when he modified Sandoval's sentence nor did it prove that the modification was ineffective for immigration purposes. We thus hold that the Board and the Immigration Judge erred in finding that Sandoval was deportable as charged under Section 241(a)(2)(B)(i) of the Immigration and Nationality Act. For these and the forgoing reasons, we REMAND this case to the Board of Immigration Appeals for entry of an order terminating deportation proceedings.

/1 In 1992, section 704 of the Cannabis Control Act read as follows:

704.  Possession of cannabis--Violations-- Punishment

sec.4. It is unlawful for any person knowingly to possess cannabis. Any person who violates this section with respect to:

(a)  not more than 2.5 grams of any substance containing cannabis is guilty of a Class C misdemeanor;

(b)  more than 2.5 grams but not more than 10 grams of any substance containing cannabis is guilty of a Class B misdemeanor;

(c)  more than 10 grams but not more than 30 grams of any substance containing cannabis is guilty of a Class A misdemeanor; provided, that if any offense under this subsection (c) is a subsequent offense, the offender shall be guilty of a Class 4 felony;

(d)  more than 30 grams but not more than 500 grams of any substance containing cannabis is guilty of a Class 4 felony; provided that if any offense under this subsection (d) is a subsequent offense, the offender shall be guilty of a Class 3 felony;

.  .  .  .

Ill. Rev. Stat. ch. 56 , para. 704 (1991), now codified as 720 Ill. Comp. Stat. Ann. 550/4 (West Supp. 2000).

/2 In 1992, section 710(a) of the Cannabis Control

Act read as follows:

710.  First offenders--Probation

    sec.10.  (a) Whenever any person who has not previously been convicted of, or placed on probation or court supervision for, any offense under this Act or any law of the United States or of any State relating to cannabis, or controlled substances as defined in the Illinois Controlled Substances Act, pleads guilty to or is found guilty of violating sections 4(a), 4(b), [or] 4(c), . . . of this Act, the court may, without entering a judgment and with the consent of such person, sentence him to probation.

Ill. Rev. Stat. ch. 56 , para. 710(a) (1991), now codified as 720 Ill. Comp. Stat. Ann. 550/10(a) (West Supp. 2000).

/3 For consistency with the prior proceedings we refer to INA sec. 241(a)(2)(B)(i) and 8 U.S.C. sec. 1251(a)(2)(B)(i) rather than the current codified versions.

/4 The Board relied on one of its previous decisions, In re Roldan-Santoyo, Interim Decision 3377 (BIA 1999), to conclude that the statutory definition of "conviction" precluded the availability of federal first offender treatment. See id. After the Board issued its decision in the instant case, however, the Ninth Circuit reversed certain portions of Roldan-Santoyo, and vacated the standing deportation orders. See Lujan-Armendariz v. INS, 222 F.3d 728 (9th Cir. 2000). As Sandoval did not ask us to review the Board's findings concerning the Federal First Offender Act, we will not address the issue.