BARKETT, Circuit Judge,
dissenting;
I respectfully dissent from the majority’s conclusion that our review of a BIA *1032 decision for substantial evidence remains exactly the same when the government had the burden below to show a conviction by clear and convincing evidence. Although our review must remain highly deferential, we must apply that deferential review to the specific decision taken below — in this case, that the government demonstrated a conviction by clear and convincing evidence.
Whether a conviction has been sustained is a question of fact on which we defer to the Board if its determination is “supported by reasonable, substantial, and probative evidence on the record considered as a whole.” 8 U.S.C. 1105a(a)(4) (repealed 1996) (applicable to this case under IIRIRA § 309(c)(4)(l)(A)). Under this “substantial evidence” standard, we will not reverse the Board’s determination unless “a reasonable factfinder would have to conclude” that no conviction has been proved. See Lorisme v. INS, 129 F.3d 1441, 1445 (11th Cir.1997).
Although our own review is deferential, the INS must prove an alien’s deportability by “clear and convincing evidence.” 8 U.S.C. § 1229a(c)(3)(A). While it is true that this Court will not reverse a factual finding of the Board unless the evidence compels a contrary determination, the question in this case is whether the record compels us to conclude that the INS failed to meet its burden. Our review remains highly deferential, but the particular finding we are reviewing requires more from the record than an ordinary finding of fact with a lesser burden. We must see at least some evidence that might allow a reasonable fact-finder to conclude that the government met its burden of showing a conviction by clear and convincing evidence.[1]
As the majority implicitly recognizes, several other circuits have concluded that the substantial evidence does differ when considering whether the government has met this heightened burden. In Sandoval v. INS, 240 F.3d 577 (7th Cir.2001), the Seventh Circuit pointed to the ambiguous effect of a subsequent change in the petitioner’s sentence and concluded that “the INS did not prove by clear and convincing evidence that Sandoval was convicted of possession of more than thirty grams of marijuana.” Id. at 583. Similarly, in Cortez-Acosta v. INS, 234 F.3d 476 (9th Cir. 2000), the Ninth Circuit reversed an order of deportation because the petitioner’s admission of culpability in alien smuggling was too ambiguous to meet the “clear and convincing” burden. In discussing the standards of review, the court noted that “although we review for reasonable, substantial, and probative evidence in the record as a whole, our review examines whether the INS has successfully carried this heavy burden of clear, unequivocal and convincing evidence.” Id. at 481 (citations omitted). See also Murphy v. INS, 54 F.3d 605, 612 (9th Cir.1995) (“Because the BIA gave significant weight to inherently unreliable evidence and shifted the burden of persuasion to Murphy, it inappropriately concluded that the government had met its burden of proving alienage by clear and convincing evidence. Because the BIA’s determination is not based on substantial evidence in the record as a whole, we hereby grant Murphy’s petition....”).
*1033 The majority attempts to distinguish each of these cases on factual grounds. Granted, Adefemi does not present exact factual parallels to any of these cases. Nonetheless, in each case the reviewing court considered whether the government met its burden to show a conviction by clear and convincing evidence. Even though there was some (questionable or ambiguous) evidence in the record that might have supported a conviction, the court noted that the evidence did not meet the heightened burden placed upon the government. The same principle should apply in this case.

. As I argued in the panel opinion, Adefemi v. Ashcroft, 358 F.3d 828 (11th Cir.2004), I do not believe that the single document submitted in this case, which amounts to little more than a traffic ticket with a great many blanks left unfilled, constitutes such evidence, especially considering that the government had ample opportunity to submit additional evidence that could have clarified its meaning.