KRAVITCH, Circuit Judge,
concurring in part and dissenting in part:
I concur in Part I of the majority opinion.
I dissent from Part II because, in my view, the majority exceeds the established *837 scope of review when it reverses the BIA’s factual determination that Adefemi was convicted of a firearms offense. The majority opinion correctly indicates that we review the BIA’s factual determinations under the substantial evidence test, see Najjar v. Ashcroft, 257 F.3d 1262, 1283 (11th Cir.2001), and that we “must affirm the BIA’s decision if it is ‘supported by reasonable, substantial, and probative evidence on the record considered as a whole.’ ” Id. at 1283-84 (quoting Lorisme v. INS, 129 F.3d 1441, 1444-45 (11th Cir.1997)). The majority is also correct that the INS was required to prove Adefemi’s conviction by clear and convincing evidence. The majority, however, fails to recognize the limits on the scope of our review of BIA factual findings. This court has held that the substantial evidence test is deferential and that “we may not ‘reweigh the evidence’ from scratch.” Mazariegos v. INS, 241 F.3d 1320, 1323 (11th Cir.2001); see also Najjar, 257 F.3d at 1278 (“Courts of appeal sit as reviewing bodies to engage in highly deferential review of BIA and IJ determinations.... Commensurate with this role, we cannot engage in fact-finding on appeal, nor may we weigh evidence that was not previously considered below.”).
The majority does exactly what is forbidden by Mazariegos because it re-weighs “the evidence from scratch” and engages in a de novo review of the evidence presented by the INS. Thus, the majority, while not acknowledging that it does so, effectively creates a new standard of review, which essentially asks whether the record compels us to conclude that the INS did meet its burden. But, the real question we must answer is the exact opposite-whether the record compels us to conclude that, the INS did not meet its burden. As explained below, the record is not so compelling.[1]
Our precedent is clear that in order “[t]o reverse a factual finding by the BIA, this Court must find not only that the evidence supports a contrary conclusion, but that it compels one.” Farquharson v. INS, 246 F.3d 1317, 1320 (11th Cir.2001) (emphasis added); see also 8 U.S.C. § 1252(b)(4)(B) (“[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary....”); Kenyeres v. Ashcroft, 538 U.S. 1301, 123 S.Ct. 1386, 1388, 155 L.Ed.2d 301 (2003) (“A reviewing court must uphold an administrative determination in an immigration case unless the evidence compels a conclusion to the contrary.”); Mendoza v. U.S. Att’y Gen., 327 F.3d 1283, 1287 (11th Cir.2003) (“To reverse the IJ’s fact findings, we must find that the record not only supports reversal, but compels it.”); Fahim v. U.S. Att’y Gen., 278 F.3d 1216, 1218 (11th Cir.2002) (“To conclude that the Board should be reversed, a reviewing Court must find that the record ‘not only supports that conclusion, but compels it.’ ”) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 480 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Although the majority quotes this standard, it fails to apply the standard, as it reverses the BIA’s factual finding by stating that “the document [from the City Court of Atlanta] at issue here, in its present form, and without any additional explanation, is insufficient” to “allow a reasonable fact *838 finder to conclude that the INS [has] shown any conviction by clear and convincing evidence.” I disagree.
After reviewing the evidence anew and raising arguments not before the BIA,[2] the majority opinion reverses the BIA’s finding that Adefemi was convicted of a firearms offense, concluding that the BIA did not base its finding on clear and convincing evidence.[3] In contrast, I would affirm the *839 BIA’s factual finding because it was based on substantial evidence and because the record does not compel a contrary conclusion.
First, the BIA based its finding on “‘reasonable, substantial, and probative evidence on the record considered as a whole.’” Najjar, 257 F.3d at 1283-84 (quoting Lorisme, 129 F.3d at 1444-45). The INS presented an authenticated document from the City Court of Atlanta to establish Adefemi’s firearms conviction.[4] The document indicated that Adefemi was charged only with carrying a concealed firearm. No other offense is mentioned in the section of the document entitled “Offense,” or anywhere else on the document. The reverse side of the document shows that Adefemi was fined $330 and given a probated sentence. Although this document may support various conclusions about the final disposition of Adefemi’s case before the City Court of Atlanta, it is, nonetheless, reasonable and probative evidence supporting the BIA’s conclusion that Adefemi was convicted of á firearms offense, and, therefore, we must affirm. See id.
Second, the evidence in the record does not compel a conclusion contrary to the BIA’s factual finding, regardless of whether the evidence may support such a conclusion. See Farquharson, 246 F.3d at 1320. No record evidence directly contradicts the BIA’s finding that Adefemi was convicted of a firearms offense. Furthermore, the majority admits that its analysis of the document establishes no more than that the document is “ambiguous.” Under our deferential standard of review, we may *840 not reverse a factual finding of the BIA simply because we find the evidence to be ambiguous; we may only reverse a factual finding if the evidence compels a contrary conclusion. See id. Thus, because the evidence does not compel a conclusion contrary to the BIA’s finding, which is the standard for reversal under our precedent, this court cannot reverse the BIA’s factual determination.
' Respectfully, therefore, I dissent from Part II of the majority opinion, as I would affirm the BIA’s factual determination that Adefemi was convicted of a firearms offense.[5]
Before EDMONDSON, Chief Judge, and TJOFLAT, ANDERSON, BIRCH, DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS and WILSON, Circuit Judges.**

. The majority claims that ''[t]he dissent fails to recognize the necessity of integrating our deferential appellate review with the INS’s demanding burden of showing deportability by clear and convincing evidence.” I do, however, recognize that the INS was required to prove its case by clear and convincing evidence, but disagree that the record is so sparse that there is no reasonable evidence that the government met its burden. More importantly, I disagree with the manner in which the majority reviews the evidence presented by the INS.

. The majority opinion discusses the possibility that Adefemi may have pleaded guilty to another, lesser offense. Although this is a possible interpretation of the evidence, Adefe-mi did not raise this argument before this court or the BIA. Such speculation by the majority shows that it is not applying a deferential standard of review, but is, in fact, looking at the evidence on a clean slate. Similarly, the majority argues that the INS should have explained the Atlanta City Court document more thoroughly by submitting affidavits or testimony from court officials. Under the substantial evidence test, it is not this court’s place to tell the INS how to prove its case; rather, we are confined to reviewing the evidence that was presented to determine if there was substantial evidence to support the BIA’s decision. See Najjar v. Ashcroft, 257 F.3d 1262, 1283 (11th Cir.2001).

. The majority cites Sandoval v. INS, 240 F.3d 577 (7th Cir.2001), Cortez-Acosta v. INS, 234 F.3d 476 (9th Cir.2000), and Murphy v. INS, 54 F.3d 605, 610-12 (9th Cir.1995), as decisions supporting its application of the substantial evidence test and, therefore, as support for its conclusion that the City Court of Atlanta document was not clear and convincing evidence that Adefemi was convicted of a firearms offense. These decisions, however, are distinguishable.
In Sandoval, an Illinois state court had convicted Sandoval of possession of more than thirty grams' of marijuana, but state law allowed Sandoval to collaterally attack his conviction. Sandoval, 240 F.3d at 578. The Illinois state court modified the conviction and sentenced Sandoval to twenty-four months of first offender probation, a sentence that was ' only permissible if the state court-vacated the original conviction and entered a new conviction for possession of not more than thirty grams of marijuana. Id. at 580. The state court, however, did not expressly vacate the original conviction. Id. Thus, the effect of the sentence modification was uncertain. Id. The INS instituted deportation proceedings and the BIA concluded that Sandoval was deportable; Sandoval appealed. Id. at 579-80. As a matter of law, the Seventh Circuit determined that the INS could meet its burden in the BIA by showing either ”1) that the Illinois judge exceeded his authority under state law, thus rendering the [sentence] modification ineffective, or 2) that the sentence modification was legal but not effective for purposes of federal immigration law.” Id. at 581. Thus, the issues in Sandoval were questions of law. The Seventh Circuit determined that the INS’s arguments regarding these legal issues were incorrect. Because there was no evidence regarding whether Sandoval was found guilty of possession of more than thirty grams of marijuana, or less than thirty grams of marijuana, the Seventh Circuit determined that "the INS did not prove by clear and convincing evidence that Sandoval was convicted of possession of more than thirty grams of marijuana,” and reversed. Id. at 581-83. By contrast, in this case, there was only one state court proceeding. As stated on the front of the City Court of Atlanta document, that proceeding was for a firearms offense. No other offense was listed. Thus, there is evidence that Adefemi was found guilty of a deportable offense. The BIA determined that this was clear and convincing evidence, and the record does not compel a contrary conclusion.
In Cortez-Acosta, the issue was whether the alien previously had admitted encouraging, inducing, assisting, abetting, or aiding another alien to enter the United States illegally. Cortez-Acosta, 234 F.3d at 479-80. In that case, the alleged admission occurred during a hearing before an immigration judge, but there was no transcript of the hearing, and, thus, the only evidence that Cortez-Acosta actually admitted to such a crime was the notes of the hearing taken by the immigration judge. Id. at 478. "Without a record of the master hearing, [the Ninth Circuit] had no way to verify that the IJ actually asked Mr. Cortez-Acosta the questions he supposedly answered, that the questions were phrased clearly enough to be understood by someone relying on a translation, and that Mr. Cortez-Acosta’s answers were responsive to the questions asked. In short, we have no way to *839 confirm the IJ's findings or to review his decision for factual or legal error.” Id. at 482. In our case, by contrast, there is a record of the proceedings in the immigration court and, therefore, we can review that court’s decision. Moreover, the Ninth Circuit in Cortez-Acosta determined that, under the circumstances of that case, the deference due under the substantial evidence standard was not appropriate because such deference is only due "when the judge acts in the context of the adjudicatory process and his findings are effectively reviewable on appeal. When [as in Cortez-Acosta\ the IJ acts outside this process, we treat his findings as the observations of an ordinary witness .... as evidence, rather than as findings of fact.” Id. at 482-83. Here, there is a record of Adefemi’s proceedings in the immigration court and, consequently, there was an adjudicatoiy proceeding in that court. Therefore, deference to that court’s findings is required.
In Murphy, the Ninth Circuit concluded that the INS did not prove the petitioner’s alienage by clear and convincing evidence. Murphy, 54 F.3d at 612. The iNS attempted to demonstrate that the petitioner was not born in the United States Virgin Islands by showing the lack of any birth certificate, by introducing an unauthenticated INS form, and by introducing uncorroborated double hearsay statements. Addressing the INS form, the court stated that "the unauthenticated [form] merits little (if any) weight, as acknowledged by the BIA. Murphy disputed the significant information [listed on the form], such as place of birth, [and] names of parents.... Murphy also provided information regarding the source of the information recorded on the form, an INS informant who apparently had some ulterior motive to make statements against Murphy.” Id. at 610. The Mwphy court concluded that the unauthenticated form and the lack of any other reliable evidence was insufficient to establish the petitioner’s alienage. Here, the City Court of Atlanta document is an official court document, not an unauthenticated form of a government agency. Furthermore, Adefemi has never contested the validity of the information contained in the document.

. The majority opinion labels the document a "traffic ticket” and argues that the INS could have established the firearms conviction through "a wide range of alternative means.” Regardless of what type of document it is, Adefemi has never argued, and the majority opinion does not contend, that the City Court of Atlanta document is not authentic or that it does not fall within 8 U.S.C. § 1229a(c)(3)(B)'s list of documents that can be used to establish a conviction.

. I would also reach the remaining issues raised by Adefemi on appeal and affirm the BIA’s determination that he is deportable and ineligible for discretionary relief under § 212(c).