# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-1082

ALI J. IYSHEH,

*Petitioner,*

*v.*

ALBERTO R. GONZALES,

*Respondent.*

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A41-192-575

ARGUED OCTOBER 27, 2005—DECIDED FEBRUARY 1, 2006

Before EASTERBROOK, EVANS, and WILLIAMS, *Circuit Judges.*

EVANS, *Circuit Judge.* Ali Iysheh, a permanent resident of the United States since 1987, got caught up in a criminal scheme involving hot automobiles. The cars were bought at an auto auction in Wisconsin using bad checks, then transported to Illinois, where Iysheh stored them while looking for a buyer. Unfortunately for him, the buyer he found was an undercover law enforcement officer. Iysheh cooperated with the authorities, pleaded guilty to one count of conspiracy in federal court in Chicago, and ended up with a relatively light sentence of 2 years supervised release with 5 months of home monitoring.

Iysheh's involvement with hot cars also got him in hot water with immigration authorities. In the deportation proceedings that followed his conviction, the government claimed that Iysheh's crime qualified as an aggravated felony—specifically, a conspiracy to commit an offense involving fraud or deceit causing a loss greater than $10,000. *See* 8 U.S.C. § 1101(a)(43)(M)(i) & (U). An immigration judge agreed, as did the Board of Immigration Appeals, and Iysheh was ordered removed to Jordan.[1] This appeal followed.

Iysheh argues that the IJ and the BIA were mistaken and that his crime of conviction is not an aggravated felony. (We are authorized under 8 U.S.C. § 1252(a)(2)(D) to decide this question of law, *see* REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)(1)(A)(iii) (2005), so we deny the government's motion to dismiss the case for lack of jurisdiction.) To decide if Iysheh is right, we need to know exactly what he was convicted of. It turns out not to be so simple. The statute to which he pleaded guilty, 18 U.S.C. § 371, prohibits two things: conspiracy to defraud the United States, and conspiracy to commit "any offense" against the United States (which means any federal offense). When Iysheh was sentenced in October 1998, the district court's judgment order mistakenly identified the nature of his conviction as "conspiracy to defraud the government" in violation of § 371. After learning that he might be deported based on this fraud offense, Iysheh asked the court to correct the judgment. The court agreed, and a new judgment order, issued in June 2000, identified Iysheh's offense as "conspiracy to transport, receive,

---

[1]  Mr. Iysheh says he was born in Tormusayya, Jordan, in 1960. We are told that the area is now part of the West Bank and that Jordan has "never claimed the land" subsequent to the 1967 war with Israel.

possess, etc. stolen motor vehicles" in violation of §§ 371 and 2313(a).

If that were the end of the story, Iysheh would be in good shape. The elements of 18 U.S.C. § 2313(a) ("Sale or receipt of stolen vehicles") do not include fraud or deceit, and although we have not had occasion to consider the matter, other circuits have held that in order to qualify as a fraud-based aggravated felony, an offense must have fraud or deceit as one of its elements. *See Omari v. Gonzales*, 419 F.3d 303, 307 (5th Cir. 2005); *Valansi v. Ashcroft*, 278 F.3d 203, 210 (3d Cir. 2002); *Moore v. Ashcroft*, 251 F.3d 919, 923 (11th Cir. 2001).

But that isn't the end of the story. Besides directly specifying the nature of his offense, the judgment order declares that Iysheh pleaded guilty to "count one of the superseding indictment." The superseding indictment, in turn, describes a conspiracy to do three things: (1) "to defraud a financial institution . . . in violation of [18 U.S.C. §] 1344"; (2) "to transport in interstate commerce [stolen] motor vehicles . . . in violation of [18 U.S.C. §] 2312"; (3) "to receive, possess, conceal, store, and sell [stolen] motor vehicles . . . in violation of [18 U.S.C. §] 2313(a)." The first of these three obviously involves fraud or deceit; as for the amount of loss, Iysheh admitted in his plea agreement (an appropriate source of information about his conviction, *see Shepard v. United States*, 125 S. Ct. 1254, 1263 (2005)) that the total loss from the conspiracy was more than $200,000—easily exceeding the threshold of $10,000. That adds up to an aggravated felony.

So which is it? Did he plead guilty only to conspiring to store and sell stolen cars, or to all three parts of the conspiracy? The plea agreement seems clear on its face: "Defendant will enter a voluntary plea of guilty to Count One of the superseding indictment," which in-

cludes conspiracy to defraud a financial institution. And although there is no indication that Iysheh knew about the fraud in obtaining the cars until it was a fait accompli, the plea agreement he signed says nothing about limiting his culpability to the parts of the conspiracy in which he was personally involved. If anything, the plea agreement demonstrates that Iysheh adopted the fraudulent scheme, as it states that when he met with a potential buyer for the cars (to be sold for $120,000) he told the buyer "that an 'Arabian guy' had purchased thirteen cars at an auction with cashier's checks that were 'no good.'" Finally, if there is any ambiguity, it comes only from the more restrictive "nature of offense" specified in the corrected judgment order. (The record does not include a transcript of Iysheh's change-of-plea or sentencing hearing.) Taking into account the plea agreement, the superseding indictment, and the judgment order, we are satisfied that it is "clear, unequivocal, and convincing" that Iysheh pleaded guilty to the entire conspiracy, fraud included. *See Woodby v. INS*, 385 U.S. 276, 277 (1966) (government must establish facts supporting deportability by clear, unequivocal, and convincing evidence); *Sandoval v. INS*, 240 F.3d 577, 581 (7th Cir. 2001).

Because our jurisdiction ends at this point, we cannot exercise lenity, but we close by noting that Iysheh's case for not being sent back to the land of his birth is not without compelling equity. He has been here 19 years, he is the father of 8 children (4 are citizens of the United States), he is married to a lawful permanent resident, and from all appearances he cooperated fully with the government in the case against a half dozen other defendants named in the indictment, defendants who were far more involved in the "fraud" end of crime than he was. But that said, the BIA correctly determined that Iysheh was convicted of an aggravated felony. We therefore must DENY his petition for review.

No. 05-1082 5

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*