NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 14, 2009
Decided December 2, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-1023

| | |
|---|---|
| JOEL E. SANCHEZ-RODRIGUEZ, *Petitioner* | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A 075 819 007 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

**O R D E R**

Joel Sanchez-Rodriguez, a Mexican citizen, was ordered removed after he pleaded guilty to two counts of distributing cannabis and was sentenced to probation. On appeal he argues that he is not removable because he withdrew his guilty plea and is thus no longer "convicted" for immigration purposes. The Board of Immigration Appeals ordered Sanchez-Rodriguez removed for committing a crime involving moral turpitude, *see* 8 U.S.C. § 1182(a)(2)(A)(i)(I), so our review is limited to the threshold jurisdictional question of whether there is a conviction that justifies removal. 8 U.S.C. § 1252(a)(2)(C)-(D); *see also Ali v. Ashcroft*, 395 F.3d 722, 726 (7th Cir. 2005). Because Sanchez-Rodriguez remains convicted for immigration purposes, we dismiss for lack of jurisdiction.

## Background

On September 11, 1997, after Sanchez-Rodriguez pleaded guilty to two counts of delivering cannabis, the state court made a finding of guilt but withheld judgment and instead ordered Sanchez-Rodriguez to complete two years of probation. *See* 720 ILCS 550/10. According to the state statute, if he complied with his terms of probation for two years, the charges would be dismissed and he would not have a conviction according to Illinois state law. *Id.*

Shortly after sentencing, Sanchez-Rodriguez petitioned to become a lawful permanent resident. This petition brought him to the attention of immigration officials, who discovered his guilty plea and instituted removal proceedings. An immigration judge ordered Sanchez-Rodriguez removed in April 1999, concluding that his guilty plea constituted a conviction according to immigration law, and the conviction rendered him ineligible for permanent residency. Sanchez-Rodriguez appealed.

On September 10, 1999, almost exactly two years after his plea, Sanchez-Rodriguez's probation officer and the Illinois state's attorney moved to dismiss the charges. The state court permitted Sanchez-Rodriguez to withdraw his guilty plea, explaining "the defendant's plea of guilty is withdrawn. These proceedings are dismissed, and the defendant is discharged."

In January 2003, the BIA remanded Sanchez-Rodriguez's appeal to determine whether, in light of his withdrawn guilty plea, he had been "convicted" for immigration purposes. The immigration judge (IJ) concluded that our decision in *Gill v. Ashcroft*, 335 F.3d 574 (7th Cir. 2003), compelled a finding that Sanchez-Rodriguez was "convicted" for immigration purposes and ordered Sanchez-Rodriguez removed in January 2005. In *Gill*, we held that an alien who received probation following a guilty plea was "convicted" under federal immigration law and was thus removable even though his conviction was discharged for successfully completing probation. *Id.* at 576.

Sanchez-Rodriguez appealed, and once again the BIA remanded the case, this time for the IJ to consider its decision in *Matter of Cota-Vargas*, 23 I. & N. Dec. 849 (B.I.A. 2005). In *Cota-Vargas*, the BIA gave full faith and credit to a state court's decision to reduce a sentence even though the reduction was to allow the alien to avoid the immigration consequences of a one-year sentence. However, instead of arguing that *Cota-Vargas* should change the outcome in his case, Sanchez-Rodriguez tried a different tactic: he asked the new IJ to grant him a continuance so that he could seek post-conviction relief. Specifically, he sought to have his delivery charge reduced to possession, which he believed would render him not

removable.  Although the IJ continued his case several times, Sanchez-Rodriguez never requested the post-conviction relief he claimed to have sought, and by the date of his final merits hearing the case had been pending for nearly 21 months.  The IJ refused to grant another continuance, deferred to the prior IJ's conclusions regarding the conviction, and ordered Sanchez-Rodriguez removed.

Sanchez-Rodriguez appealed again, but the BIA dismissed the appeal, finding that he remained guilty of a removable offense.  The BIA affirmed the original IJ's determination that Sanchez-Rodriguez remained "convicted" for immigration purposes and affirmed the new IJ's conclusion that no further continuances were warranted.

## Analysis

On appeal Sanchez-Rodriguez first argues that he was not "convicted"  as defined under the Immigration and Nationality Act (INA), which characterizes an alien as convicted as soon as he (i) pleads guilty and (ii) is sentenced to some form of punishment, even without a final adjudication of guilt.  8 U.S.C. § 1101(a)(48)(A); *Gill*, 335 F.3d at 576.  Sanchez-Rodriguez believes his withdrawn plea falls outside the scope of this definition.  Nonetheless, we find that the BIA's conclusion to the contrary was correct.  Taking the second and most straightforward prong first, Sanchez-Rodriguez's term of probation counts as punishment for purposes of defining conviction.  *Ali v. Ashcroft*, 395 F.3d at 729 (sentence of three years' probation satisfies second prong); *Gill*, 335 F.3d at 576 ("[T]he term of probation satisfies part (ii) [of § 1101(a)(48)(A)].").

Sanchez-Rodriguez also satisfies the first prong of the definition.  The BIA has determined that "the original finding or confession of guilt is sufficient to establish a 'conviction' for purposes of the immigration laws."  *Matter of Roldan-Santoyo*, 22 I. & N. Dec. 512, 518 (B.I.A. 1999).  Even a plea that is later vacated or withdrawn satisfies the definition if the vacatur is for rehabilitative or remedial purposes.  *Matter of Pickering*, 23 I. & N. Dec. 621, 624 (B.I.A. 2003) (finding a quashed conviction sufficient); *Roldan-Santoyo*, 22 I. & N. Dec. at 528 (giving no immigration effect to rehabilitative vacaturs).

Sanchez-Rodriguez next argues that, even if he was initially "convicted" under the INA's definition, he is not removable because the definition does not extend (1) to pleas withdrawn on substantive grounds, *Pickering*, 23 I. & N. Dec. at 624, or (2) to modified sentences, *Cota-Vargas,* 23 I. & N. Dec. at 852.  Sanchez-Rodriguez contends that these two limitations, and not the general rule regarding rehabilitative vacaturs, govern his case.

Neither limitation applies to Sanchez-Rodriguez.  First, although immigration courts will not give effect to a finding of guilt that is later withdrawn because of some "procedural

or substantive defect in the underlying [criminal] proceedings," *Pickering*, 23 I. & N. Dec. at 624; *see also Sandoval*, 240 F.3d at 581 (finding defense counsel's failure to advise petitioner on immigration consequences of his plea rendered plea involuntary and raised potential constitutional questions), Sanchez-Rodriguez has pointed to no such defect in his case. Instead, he argues that the reasons behind the withdrawn plea are "vague," and asks us to assume the plea was withdrawn because of some unspecified defect. He proposes, for example, that the criminal proceedings must have been flawed because the probation statute does not explicitly provide for withdrawn pleas, so a defect would be the only alternate explanation. But like the alien in *Pickering*, Sanchez-Rodriguez provides no "basis to question the integrity of the underlying criminal proceeding or conviction." *Pickering*, 23 I. & N. Dec. at 625; *see also Ali v. U.S. Atty. Gen.*, 443 F.3d 804, 811 (11th Cir. 2006).

As the IJ concluded, the facts do not support Sanchez-Rodriguez's contention and instead suggest that his plea was withdrawn precisely because he completed his probation. Sanchez-Rodriguez withdrew his plea exactly two years minus one day after his initial sentence, on the exact dated the state court designated as the end of his probation. The motion itself further indicates that Sanchez-Rodriguez satisfied the terms of his probation. The IJ concluded that Sanchez-Rodriguez's plea was withdrawn in compliance with a remedial scheme, and the BIA deferred to this conclusion. Since the IJ was likely correct and certainly was not "clearly erroneous," we defer to his conclusion. *See Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

As for the second limit, Sanchez-Rodriguez argues that his withdrawn plea should be viewed as a modification instead of a vacatur. A modification would enable him to stave off removability, he argues, because a modified sentence would *replace* his original sentence, effectively erasing his state criminal record. For this argument to have any traction, we would have to conclude that modified and withdrawn sentences should be treated identically. However, the BIA rejected this approach in *Cota-Vargas*, where it decided to give full faith and credit to state court modifications even though withdrawn sentences do not receive analogous treatment. *Cota-Vargas*, 23 I. & N. Dec. at 851-53. The BIA justified the distinction by relying on the fact that the provisions are defined in different subsections of the INA. *Id.* Sanchez-Rodriguez does not ask us to abandon the BIA's distinction and reject the rationale put forth in *Cota-Vargas*, so *Cota-Vargas* is of no help to him.

Sanchez-Rodriguez makes four ancillary arguments, each of which also fails. First he argues that the IJ erred in denying his request for a further continuance to pursue post-conviction relief. But we lack jurisdiction to review the IJ's decision to deny the continuance because where 8 U.S.C. § 1252(a)(2)(B)(i) "removes jurisdiction to review a final immigration decision, . . . review of continuance denials . . . is also precluded." *Ali v.*

*Gonzales*, 502 F.3d 659, 661 (7th Cir. 2007).  Thus, since § 1252 prohibits review of decisions relating to adjustment of status, we cannot review the denial of the continuance.

Second, Sanchez-Rodriguez suggests that he should not be required to put forth evidence regarding the reasoning for his withdrawn sentence because the government bears the burden to prove removability.  *See Woodby v. INS*, 385 U.S. 276, 286 (1966); *Sandoval*, 240 F.3d at 581.  The government met this burden--the plea agreement and the sentencing transcripts are clear and convincing evidence that Sanchez-Rodriguez was convicted under the INA and is thus removable.  *See Iysheh v. Gonzales*, 437 F.3d 613, 615 (7th Cir. 2006) (viewing "the plea agreement, the superseding indictment, and the judgment order" sufficient to establish alien's conviction).

Third, Sanchez-Rodriguez complains that the IJ did not comply with the BIA's March 2006 instruction to address whether *Cota-Vargas* affected removabilty.  It is true that the IJ did not address *Cota-Vargas*, but this oversight is harmless because *Cota-Vargas* applies to modified sentences, not withdrawn pleas.  *Cota-Vargas*, 23 I. & N. Dec. at 852 (seeing "no discernible basis in the language of the [INA]" to treat modifications and vacaturs alike); *see also Rumierz v. Gonzales*, 456 F.3d 31, 41 n.11 (1st Cir. 2006) (distinguishing withdrawn pleas from sentence modifications); *Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 846 (9th Cir. 2003) (distinguishing modified sentences from expunged convictions).  Because Sanchez-Rodriguez withdrew his plea, *Cota-Vargas* does not apply.

Finally, Sanchez-Rodriguez argues that the BIA violated his right to due process by denying him his opportunity to seek permanent residency.  But adjustment of status is a discretionary form of relief, *Khan v. Mukasey*, 517 F.3d 513, 517 (7th Cir. 2008); thus, because Sanchez-Rodriguez "has no liberty or property interest in the relief he seeks," we "lack jurisdiction to review his due process claim."  *Ali v. Ashcroft*, 395 F.3d at 731.

Because Sanchez-Rodriguez's plea is a conviction under the INA, and because he did not withdraw his plea on substantive grounds or receive a modification, the BIA correctly concluded that he has a conviction that justifies removal.  Thus, we DISMISS the petition for lack of jurisdiction.